## Gilliam v. The State.

### Indictment for Murder.

*Abstract charge.* — A charge asked, which asserts a correct legal proposition, may nevertheless be refused, if there is no evidence to which it is applicable; but, if there is any evidence which will authorize the finding by the jury of the facts upon which it is based, its refusal is erroneous, although the court may have deemed the witness unworthy of credit, or his statements incredible.

FROM the Circuit Court of Fayette, on change of venue from Tuskaloosa.

Tried before the Hon. WM. S. MUDD.

The prisoner in this case was indicted for the murder of Tilman H. Taylor, by shooting him with a pistol; was convicted of murder in the second degree, and sentenced to the peniten-

[Gilliam *v.* State.]

tiary for the term of twelve years. The matters here relied on for a reversal of the judgment are the refusals of several charges asked by the defendant, to which he reserved exceptions, and which were as follows : —

" 1. If the jury believe, from the evidence, that there existed at the time of the killing an actual necessity on the part of the defendant to kill Taylor, in order to prevent him from inflicting on him great bodily harm, or a reasonable belief in the mind of the defendant that such a necessity existed, then they must find the defendant not guilty, unless they should believe that the defendant was in fault in bringing on the difficulty.

" 2. That if the jury believed, from the evidence, that the defendant had, at the time of the killing, a reasonable apprehension of great bodily harm, or personal violence, involving imminent peril to his life or limb, he had a right to protect himself, even at the expense of Taylor's life, if such protection could not be otherwise secured ; and if the defendant, in killing Taylor, acted under such reasonable apprehension, they must find him not guilty, unless they believed that he was in fault in bringing on the difficulty.

" 3. The necessity which will justify the taking of life need not be actual, but the circumstances must be such as to impress the mind of the slayer with a reasonable belief that such necessity is impending; and if the defendant, in killing Taylor, was actuated by such reasonable impression, then they must find him not guilty, unless they think that he was in fault in bringing on the difficulty.

" 4. If the jury believe, from the evidence, that when the defendant said ' Why have you treated me and my family so ? ' he intended to call out an explanation, and wait for a prompt response ; and that the deceased, instead of a prompt response, replied, ' Damn you, go to shooting,' at the same time lifting up his pistol, and attempting to shoot, then the defendant had a right to shoot, and the killing would be in self-defence."

VAN HOOSE & POWELL, for the prisoner.

BEN. GARDNER, Attorney General, for the State.

B. F. SAFFOLD, J. — Instructions asked, like evidence offered, must be relevant to the issue. If not proper under the evidence, although enunciating the law correctly, they should be refused as abstract. Charges are abstract, when they assert propositions of law not legitimately arising out of the testimony itself, or the inferences deducible therefrom. Want of a foundation in fact for any one of several connected propositions of law will suffice to reject an instruction prayed for, although the

[Gilliam v. State.]

remainder of its propositions of law are clearly and correctly stated, and based on uncontroverted proof. But a charge is never abstract, when there is evidence in the case sufficient, if believed by the jury, to afford a field for the operation of the principles of law enunciated in the instructions asked. It is the province of the jury to determine what credit they will give to witnesses, especially where there is conflict of testimony. However unworthy a witness may be, or however incredible the court may deem his statements, it cannot withdraw such testimony from the jury, either directly, by excluding it, or indirectly, by refusing to guide the jury by a statement of the principles of law growing out of such evidence, in case the jury did believe it.

Tested by these principles, the charges asked by the appellant were not abstract, and the court erred in refusing them. Testimony was delivered tending to show that the deceased, armed with a navy repeating pistol, fastened around his waist, and plainly visible, and attended by his brother, went to the house of the slayer; his character was marked with desperation; he commenced the conversation which led to the killing; a few minutes before the rencounter, he felt on a bed, and looked behind a door, in appellant's house, in presence of his daughter, as if in search of something stolen; he called to appellant to come out, and on being asked by the latter why he treated his family so, he replied, "Damn you, go to shooting," at the same time handling his pistol.

Whether or not the appellant acted prudently or properly in taking his pistol and going out of the house, under the circumstances disclosed in the bill of exceptions, is not decisive of his plea of self-defence. The jury, if they believed the testimony introduced by the defence, might have found that his conduct, in doing so, was free from design to harm the deceased, and was precautionary only in an interview forced upon him, on his own premises, by a desperate man, who had just insulted his family. If, in addition, they believed, as the same evidence tended to show, he made the inquiry, and received the answer in language and action, above detailed, a verdict of not guilty might have been rendered. The refusal of the charges may have impressed the jury with the belief that the defendant, in going out armed, forfeited any excuse for the killing, which the threatening attitude of the deceased would otherwise have given him.

The judgment is reversed, and the cause remanded.