Weygandt, C. J.
 

 Before the second trial of this case the defendant filed an amended answer in which it admitted that the truck driver, Booher, was negligent and that this negligence .was the proximate cause of the death of the plaintiff’s husband.
 

 Hence, aside from the question of damages, the sole factual issue submitted to the jury at the second trial was whether at the time of the collision the truck driver, Booher, was a servant or agent of the defendant.
 

 At the request of the defendant six interrogatories or requests for special findings on particular questions of fact weré submitted to the jury. Together with the answers they are as follows:
 

 
 *171
 
 “Question No. 1. Did William Miller have the right at any time while hauling on Project 279 to remove or discharge Richard Booher as a driver of one of his trucks? A. Yes.
 

 “Question No. 2. Did William Miller have the right, at any time he chose, to substitute another driver for Richard Booher while hauling on Project 279? A. Yes.
 

 “Question No. 3. Was Richard Booher free, so far as S. E. Johnson Company was concerned, to choose any road or route he might wish in driving between the Maumee Asphalt Plant at Silica and the place where the paving work was being done? A. Yes.
 

 “Question 4. Was William Miller free at any time, except as to an individual load already placed on his truck at the asphalt company, to withdra'W his truck and driver units from hauling on Project 279? A. Yes.
 

 “Question No. 5. Did the S. E. Johnson Company, on Project 279, have the right to separate Richard Booher from the truck he was driving, or to substitute another driver for Booher on that truck? A. No.
 

 “Question No. 6. Under the arrangement between William Miller and S. E. Johnson Company for hauling on Project 279, was William Miller at the time of the collision a servant or agent of S. E. Johnson Company in the course of his employment? A. No.”
 

 The first five of these interrogatories were likewise submitted to the jury at the first trial at the defendant’s request, and similar answers were given. In its opinion reviewing that judgment in favor of the plaintiff the Court of Appeals said:
 

 “It is contended that these special findings were inconsistent with the general verdict, but a study of these does not sustain this. Taking the facts so found, either individually or collectively, they do not fully answer the vital question as to the right of the defend
 
 *172
 
 ant to control the operation of the truck in question at the time and place of the collision.”
 

 In its opinion reviewing the second judgment the Court of Appeals made the following additional well-reasoned and decisive comment:
 

 “Another assignment of error relates to the interrogatories tendered by defendant and submitted by the court. In the former trial ten interrogatories were submitted by defendant and were all answered by the jury as favorably to defendant as could be. It was there urged that the answers given were inconsistent with the general verdict for the plaintiff and required a judgment for the defendant. This contention was not sustained by this court. Notwithstanding this, five of the same interrogatories were requested by defendant and submitted by the court. In the face of this court’s former decision, on this subject, it is difficult for it to understand why this was done. That favorable answers to these would not control a verdict adverse to defendant was, so far as this court is concerned, established as the law of the case.
 

 “A sixth interrogatory, different from any one before proposed, was as follows:
 

 “ ‘Under the arrangement between William Miller and S. E. Johnson Company for hauling on Project 279, was William Miller, at the time of the collision, a servant or agent of the S. E. Johnson Company in the course of his employment?’ The answer was ‘No.’
 

 “This was an immaterial matter in this case. As indicated by the defendant’s requested instruction to the jury quoted above, the question was what control, if any, defendant had over Booher in his driving of the truck at the time of the collision. At that time Miller, who owned the truck, was many miles from the scene of the accident, and such immaterial question put to the jury may very well have misled it. But it is urged the jury was not confused because in the course of its
 
 *173
 
 deliberations it sent to the court the following question in writing:
 

 “‘We have reached a verdict. Regardless of which way', is it necessary for us to answer questions'? Do all twelve sign or only those who agreed on the verdict ? ’
 

 ‘ ‘ The court answered that the questions must be answered by nine or more members of the jury, but that ‘it is not necessary that the same nine signing the general verdict sign the interrogatories.’ In an hour and two minutes the jury returned with its verdict, signed by nine jurors, and the interrogatories by from 9 to 12 jurors.
 

 “The jury was polled and the nine who signed the verdict said specifically it was their verdict, but the inquiry as to the interrogatories was not specific. This may not have been important, except that it impairs the usefulness of the poll in reflecting what, if any, prejudice resulted from requiring the jury to answer immaterial and indecisive questions.
 

 “Interrogatories, when proper and pertinent to an issue to be determined by the jury, can be useful, but unless the answers to them will furnish a legal test of the general verdict, they are not pertinent and should not be imposed upon the jury. In the leading case of
 
 Schweinfurth
 
 v.
 
 Ry. Co.,
 
 60 Ohio St., 215, the court pointed out what are ‘ultimate and determinative facts’ to be elicited by interrogatories, and condemns those which only develop facts ‘of a probative character. ’
 

 “The danger is that there is no way to know what effect upon the jury and its general verdict impertinent interrogatories may have had. Very easily, they may obfuscate the jurors, — in fact, at times, they may be so intended. Trial courts can not be too particular or too discriminating in this phase of their duty. * * *
 

 “So in the case at bar, the answer that Miller was
 
 *174
 
 not a servant or agent of defendant may indicate that the jury thought a verdict for the defendant was required, even though it may have found on the instruction above quoted ‘that defendant had the right to control how the truck should be driven, managed or handled by Booher, at the very time and place of the collision. ’ ”
 

 Section 11420-17, G-eneral Code, provides:
 

 “When either party requests it, the court shall instruct the jurors, if they render a general verdict, specially to find upon particular questions of fact, to be stated in writing, and shall direct a written finding thereon. * * *”
 

 In paragraph two of the syllabus in the case of
 
 Cleveland & Elyria Electric Rd. Co.
 
 v.
 
 Hawkins,
 
 64 Ohio St., 391, 60 N. E., 558, this' court held that the purpose of this section “is to elicit from the jury such special findings of fact as will test the correctness of the general verdict, if a general verdict is returned; and it requires the court, upon request, to direct answers to be returned to such questions, stated in writing, as will elicit from the jury a finding of any fact whose legal effect may be, when considered with other facts admitted or to be found, to show whether or not the general verdict results from an erroneous application of the law; but it does not require the submission to the jury of questions whose purpose is only to ascertain the mental processes by which the jury may arrive at conclusions of fact.”
 

 This pronouncement was expressly approved and followed in paragraph three of the syllabus in the later case of
 
 Gale
 
 v.
 
 Priddy,
 
 66 Ohio St., 400, 64 N. E., 437.
 

 In the instant case the Court of Appeals held correctly that the six interrogatories submitted to the jury at the defendant’s request were immaterial and prejudicial. The answers thereto are favorable to the
 
 *175
 
 defendant and yet they would not be inconsistent with a general verdict against the defendant. Hence, these; interrogatories do not “test the correctness of the; general verdict,” as required by the
 
 Schweinfurth, Hawkins
 
 and
 
 Gale cases, supra.
 

 The judgment of the Court of Appeals reversing; that of the Court of Common Pleas and remanding the cause for retrial must be affirmed.
 

 Judgment affirmed.
 

 Turner, Zimmerman and Sohngen, JJ., concur.
 

 Matthias, Hart and Stewart, JJ., concur in the syllabus, but dissent from the judgment.