Stewart, J.
 

 On the appeal to the Court of Appeals plaintiff filed only a partial bill of exceptions which included requests to charge before argument given by the court, the court’s charge to the jury together with the exceptions of counsel and comments, and interrogatories which were submitted to the jury for its consideration. Therefore, we do not have before us any transcript of the testimony taken in the trial court.
 

 The only questions which are seriously presented for our consideration and which we are called upon to decide concern the matter of certain interrogatories which the court submitted to the jury toward the conclusion of the general charge.
 

 Near the end of the general charge the court said to the jury:
 

 “Should you arrive at the place that you should return a verdict that this will was not the last will and testament of Elijah Cook then you are required to answer the following two questions:
 

 “No. 1. If Elijah Cook made a will revoking the probated will of July 9, 1946, when was such later will executed?
 

 “No. 2. If the jury finds the probated will of July 9th, 1946, was revoked by a subsequent will did Elijah Cook acknowledge such subsequent will in the presence of two witnesses who saw him sign this will, and who signed it in the presence of each other as attesting witnesses?”
 

 “Those agreeing in the answer to each question must sign the answer and it requires nine or more of your number to agree on such answer.”
 

 
 *408
 
 Plaintiff objected to the submission of interrogatories numbered one and two.
 

 Special findings on questions of fact by means of interrogatories directed to the jury are authorized by Section 11420-17, General Code, which reads:
 

 "When either party requests it, the court shall instruct the jurors, if they render a general verdict, specially to find upon particular questions of fact, to be stated in writing, and shall direct a written finding thereon. The verdict and finding must.be entered on the jouimal and filed with the clerk.”
 

 It is claimed by plaintiff that the interrogatories submitted to the jury in the present case constituted error in three particulars:
 

 1. That they were submitted to be answered by the jury only if it should find for the plaintiff.
 

 2. That interrogatory No. 1 did not call for a finding by the jury on a question of fact of an ultimate and determinative nature.
 

 3. That interrogatory No. 2 required a finding which was erroneous in law.
 

 The first claim of error is well taken. The statute requires a jury to find specially upon submitted particular questions of fact if it renders a general verdict, and it is error for the court to tell the jury that it is required to answer interrogatories only if there is a finding for a particular party to the lawsuit.
 

 It is argued that, if a court tells a jury it need only answer the interrogatories in case the jury finds for a particular party, there will be created a line of least resistance for the jury to find for the party the finding for whom will obviate the necessity of paying any attention to the interrogatories.
 

 Be that as it may, since the statute requires findings upon the rendering of a general verdict where interrogatories are submitted to a jury, a court should not
 
 *409
 
 submit interrogatories with a direction such as was given in the present case.
 

 Defendants argue that the action of the trial court was justified under paragraph two of the syllabus in the case of
 
 Masters
 
 v.
 
 New York Central Rd. Co.,
 
 147 Ohio St., 293, 70 N. E. (2d), 898, which reads:
 

 “An interrogatory requiring the jury in a personal injury action, in the event the jury finds the defendant guilty of negligence, to specify the act or acts of negligence is a proper inquiry; and the failure or inability of the jury to find the existence of a claimed act of negligence, in answer to interrogatories so submitted, is equivalent to a finding on such claim of negligence against the party having the burden to establish it.”
 

 However, the interrogatory described in the ahovequoted statement is quite different from one requiring a jury to answer only in the event it returns a verdict for a particular party.
 

 In
 
 Gale
 
 v.
 
 Priddy,
 
 66 Ohio St., 400, 405, 64 N. E., 437, the court said:
 

 “That the request for special findings shall contain the condition that the question shall be answered in case a general verdict shall be rendered, is therefore not a matter of mere form but one of substance.”
 

 As to the second claimed error, plaintiff insists that it was error for the court to submit to the jury interrogatory No. 1, upon the ground that such interrogatory did not call for a finding on a particular question of fact of an ultimate and determinative nature but simply called for an answer as to an evidentiary or probative fact, which amounted to a cross-examination of the jury.
 

 Although we do not have before us a transcript of the testimony, it is obvious from the general charge of the court to the jury that a main contention in the
 
 *410
 
 trial below was whether a will had been executed by the deceased subsequent to the one which was being contested and so contradictory to the latter as to cause a revocation of it. In such a situation the ultimate fact to be determined by the jury is whether there is such a subsequent will and not the particular date upon which it was executed. This latter fact would be probative and evidentiary only and not ultimate.
 

 If the jury found there was a subsequent will, that would be the ultimate fact, and the jury should not have been put in the position of possibly deciding that, if it could not remember the particular date upon which such subsequent will was executed, it must find in favor of the will being contested.
 

 This court has twice lately spoken upon this very question.
 

 In the case of
 
 Anderson, Admx.,
 
 v.
 
 S. E. Johnson Co.,
 
 150 Ohio St., 169, 80 N. E. (2d), 757, the second paragraph of the syllabus, in which the entire court concurred, reads:
 

 “The purpose of these provisions is to elicit from the jury such special findings on particular questions of fact as will test the correctness of the general verdict, if a general verdict is returned; and it is error to submit to the jury interrogatories which do not serve such purpose. (Paragraph two of the syllabus in the case of
 
 Cleveland & Elyria Electric Rd. Co. v. Hawkins,
 
 64 Ohio St., 391, approved and followed.)”
 

 In the case of
 
 Bradley, an Infant,
 
 v.
 
 Mansfield Rapid Transit, Inc.,
 
 154 Ohio St., 154, the first paragraph of the syllabus reads:
 

 “To be proper, under Section 11420-17, General (lode, interrogatories prepared and submitted by counsel must call for findings by the jury on particular questions of fact of an ultimate and determinative nature — such findings as will test the correctness of Ihe general verdict returned and enable the court to
 
 *411
 
 determine as a matter of law whether such verdict shall stand.”
 

 As to the third claimed error, plaintiff contends that the court erred in submitting interrogatory jS)o. 2 to the jury, for the reason that such interrogatory is based upon an erroneous proposition of law. Such contention is well founded.
 

 Section 10504-3, General Code, reads:
 

 “ * * * every last will and testament shall be in writing, but may be handwritten or typewritten. Such will shall be signed at the end by the party making it or by some other person in his presence and by his express direction, and be attested and subscribed in the presence of such party, by two or more competent witnesses, who saw the testator subscribe, or beard him acknowledge his signature.”
 

 Interrogatory No. 2 calls for a finding of fact of ah ultimate and determinative nature as a subsequent purported will would not revoke a former one unless the subsequent will was properly executed in accordance with Section 10504-3, General Code. However, such section does not require the witnesses to a will to sign it in the presence of each other as attesting witnesses. From a reading of interrogatory No. 2, the jury could well believe that unless the claimed subsequent will had been signed by the witnesses to the will, in the presence of each other, there must be a finding that such purported will was not a legal one and, therefore, that it did not and could not revoke the will which was the subject of contest.
 

 It is error to require a jury to answer an interrogatory which is based upon an erroneous assumption of law.
 

 We are of the opinion that because answers to interrogatories given pursuant to Section 11420-17, Genera] Code, do test the correctness of a general verdict returned by a jury and.enable the court to determine as
 
 *412
 
 a matter of law whether such verdict shall stand, it is exceedingly dangerous to the administration of justice to submit interrogatories except in strict accordance with the statute.
 

 The judgments of the Court of Appeals and the Court of Common Pleas are reversed and the cause is remanded to the Court of Common Pleas for further proceedings.
 

 Judgment reversed.
 

 Weygandt, C. J., Zimmerman, Taft, Matthias and Hart, JJ., concur.
 

 Middleton, J., not participating.