Zimmerman, J.
On the dark and rainy evening of January 21, 1949, plaintiff, a pedestrian, while proceeding westerly along or on North street just outside the city limits of Fremont, Ohio, was struck and injured by an automobile driven by defendant. At or near the point of collision the macadam pavement of North street was approximately 17 feet wide, and there was a gravel berm three feet in width on either side.
Plaintiff claims that at the time of the impact he was walking westerly on the gravel berm immediately adjacent to the north edge of the macadam pavement, that he was struck from the rear by the defendant, and that the defendant gave no signal of his approach. *153 No walk or path parallel with the thoroughfare had been provided for the use of pedestrians.
Defendant maintains that just prior to the collision he was traveling westerly on his proper side of the thoroughfare at a speed of about 30 miles per hour, when plaintiff suddenly staggered from the southerly or left portion of the paved road directly into the path of defendant’s automobile, and that defendant had no opportunity to avoid striking plaintiff.
During the trial of the action, the defendant testified as follows with respect to the situation just before and at the time of the collision:
“Q. With what lights ■ were you driving? A. I could not tell if ‘heights’ or ‘dims.’
Í < * * *
“Q. So that if you were driving with bright lights on you could see some one in the road seventy-five feet ahead of you, and if driving with your dim — or driving, lights on, you could see up to fifty feet ahead of you, is that right? A. Yes.
“Q. Yet you say you didn’t see Mr. Perry [the plaintiff] until you were within thirty feet of him? A. That is right.
“Q. He was then in the center of the eastbound traffic lane? A. That is right.
“Q. Prior to the collision or when this collision occurred did you observe any other traffic on North street? A. There was no traffic.
C t * * *
“Q. When you first saw Mr. Perry on the roadway did you change the course of your car at all or did you continue to drive straight ahead? A. I just went straight ahead.
“Q. You didn’t change the course of your car, to the left or right? A. Not to my knowledge. No.
i i * * *
*154 ‘ ‘ Q. How far was he [the plaintiff] from you when you jammed on your brakes? A. I would say I saw him about thirty feet ahead of me.
“Q. And then you skidded until you hit him? A. Yes, sir.
“Q. And how far was that? A. I think fifteen or twenty feet. I do not remember.
“Q. You think you skidded about fifteen or twenty feet? A. Yes, sir.
í Í # # #
“Q. What part of your car came into contact with him? A. The right side of the bumper.
“Q. Your right front headlight and bumper? A. Yes, sir.
“Q. What direction was he facing when he was struck? A. He was facing to the west.
“Q. Was he still staggering? A. He staggered across in front of me. On an angle.
“Q. What angle? A. I would say northwest.”
In this appeal, defendant contends first that the Court of Appeals erred to his prejudice in overruling his motion to dismiss the appeal, for the reason that the notice of appeal was not timely filed in the trial court as required by Section 12223-4, G-eneral Code.
Such notice of appeal was captioned “In the Court of Appeals of Sandusky County, Ohio,” carried the numbers,, respectively, of the cause in the Court of Common Pleas and in the Court of Appeals, was filed March 24, 1951, and bears the filing stamp of the clerk of the Court of Appeals. The notice reads:
“Appellant [plaintiff] hereby gives notice of his appeal on questions of law to the Court of Appeals for Sandusky county, Ohio, from the final order and judgment made and entered herein on the 9th day of March, 1951.”
Receipt of a copy of the notice was acknowledged in writing by counsel for the defendant on the same day the notice was filed.
*155 In opposition to defendant’s motion to dismiss, plaintiff filed a motion asking leave to amend the notice of appeal by striking the first line of “the caption thereof, viz., “In the Court-of Appeals of San-dusky County, Ohio,” and inserting in lieu thereof “In the Court of Common Pleas of Sandusky County, Ohio. ’ ’
Plaintiff’s motion was sustained and the clerk of the Court of Appeals was directed to refile the notice of appeal in the Court of Common Pleas as of March 24, 1951.
We are of the opinion that the Court of Appeals ruled correctly. Here there was an obvious mistake on the part of plaintiff’s counsel and in the circumstances counsel for defendant could not have been seriously misled. The notice of appeal was timely filed with the clerk who functions as clerk of both the Court of Common Pleas and the Court of Appeals, and the praecipe requesting the clerk of the Common Pleas Court to prepare and file a transcript was correctly captioned and filed in the Court of Common Pleas on the same day.
Since appeals and the right of appeal are favored by the law (Tims v. Holland Furnace Co., 152 Ohio St., 469, 473, 90 N. E. [2d], 376, 379) and since Section 10214, G-eneral Code, enjoins a liberal construction of the Appellate Procedure Act “to promote its object and assist the parties in obtaining justice,” the courts generally have gone far in brushing aside technicalities and in preserving to litigants the right of appeal whenever that can be fairly done.
The action of the Court of Appeals with respect to the matter under discussion is in harmony with the decisions of this court in In re Guardianship of Wisner, 148 Ohio St., 31, 72 N. E. (2d), 751, Meyer v. Meyer, 153 Ohio St., 408, 91 N. E. (2d), 892, and other cases *156 cited in the opinions in those cases and is approved.
Next, defendant complains that the Conrt of Appeals wa's wrong in reversing the judgment of the trial court upon a determination' that there was an error of commission in its general charge.
Section 6307-48 (b), General Code, provides:
“Where usable walks or paths are not provided parallel to the street or highway, pedestrians may walk along or upon the traveled portion of such street or highway and where practicable shall face the approaching traffic, and shall exercise due care to avoid approaching traffic.”
As to the above-quoted part of Section 6307-48, General Code, the trial court told the jury:
“The law conclusively presumes that all persons will obey the definite and specific legislative enactments. Failure to do this constitutes negligence in and of itself.
“In this case, the court calls your attention to the following definite and specific enactments of the Legislature of this state. * * *
C i * * *
“Third: Where usable walks or paths are not provided parallel to the highway, pedestrians may walk upon or along the traveled portion of such street or highway and where practicable shall face the approaching traffic.
“Under the theory of the plaintiff’s case, he was walking with the traffic, and not facing the approaching traffic. For this reason, I have charged you that the plaintiff was guilty of negligence as a matter of law. ’ ’
We are in accord with the observation and holding of the Court of Appeals, as contained in its opinion, that Section 6307-48 (b), General Code, “does not enjoin a specific duty but rather a rule of conduct, as it *157 left something to the plaintiff’s discretion by the proviso that the pedestrian ‘where practicable, shall face the approaching traffic’ and also by the further provision that such pedestrian shall exercise ordinary care.”
Applicable to a provision like that embodied in Section 6307-48 (b), General Code, is the following language of Matthias, J., in the opinion in Swoboda v. Brown, 129 Ohio St., 512, 522, 196 N. E., 274, 279:
“Where the standard of duty is thus fixed and absolute, it being the same under all circumstances, the failure to observe that requirement is clearly negligence per se. But where the duties are undefined, or defined only in abstract or general terms, leaving to the jury the ascertainment and determination of reasonableness and correctness of acts and conduct under the proven conditions and circumstances, the phrase negligence per se has no application.”
It is the view of this court that Section 6307-48 (b), General Code, by its wording, prescribes merely a rule of conduct and not a specific requirement “under ail circumstances,” and, hence, a violation of its provisions does not constitute negligence per se. See Koppelman, a Minor, v. Springer, a Minor, 157 Ohio St., 117, 104 N. E. (2d), 695. The trial court erred prejudicially to plaintiff in charging as it did with respect to negligence per se.
Lastly, the defendant urges that the answers to the two interrogatories submitted to the jury at his request entitle him to a reversal of the judgment of the Court of Appeals and an affirmance of that of the Court of Common Pleas. These interrogatories with the answers thereto are as follows:
“1. Did the plaintiff, immediately prior to being struck by the automobile of the defendant, move from the south one-half of the paved portion of North *158 street onto the north one-half of the paved portion of North street? Answer ‘Yes’ [signed by ten of the jurors]..
“2. Was the plaintiff walking on the gravel berm adjacent to the north edge of the pavement of North street at the instant he was struck by the automobile of the defendant? Answer ‘No’ [signed by nine of the jurors].”
This court has held on a number of occasions that interrogatories to be proper and of controlling significance “must call for findings by the jury on particular questions of fact of an ultimate and determinative nature — such findings as will test the correctness of the general verdict returned and enable the court to determine as a matter of law whether such verdict shall stand.” Bradley, an Infant, v. Mansfield Rapid Transit, Inc., 154 Ohio St., 154, 93 N. E. (2d), 672. Compare Kennard, a Minor, v. Palmer, a Minor, 143 Ohio St., 1, 53 N. E. (2d), 908, and McFadden, v. Thomas, Admx., 154 Ohio St., 405, 96 N. E. (2d), 254.
Although it is certainly true that the answers to the . interrogatories submitted supported and were in harmony with the general verdict for the defendant, those answers, had there been a general verdict for plaintiff, would not have been determinative and would not have compelled the court to set that verdict aside and enter final judgment for the defendant. In other words, the jury could have answered the interrogatories as it did and could still have consistently returned a Verdict for the plaintiff, upon a finding that defendant’s failure to see plaintiff before he did and avoid striking him and his conduct after observing plaintiff on the highway showed a want of ordinary care in the circumstances and was the proximate cause of plaintiff’s injuries. See Betras, Admr., v. G. M. McKelvey Co., 148 Ohio St., 523, 76 N. E. (2d), 280.
*159 No error being apparent in the judgment of the Court of Appeals, such judgment is affirmed.

Judgment affirmed.

Weygandt, C. J., Middleton and Hart, JJ., concur. Stewart, J., concurs in the syllabus.