WHITED, APPELLEE, *v.* ART RODENBECK, INC., APPELLANT.

(No. 2410—Decided May 9, 1957.)

*Messrs. Myers, Mills, Boesch & Cline,* for appellee.
*Messrs. Pickrel, Schaeffer & Ebeling,* for appellant.

WISEMAN, J. This is an appeal on questions of law from the judgment of the Common Pleas Court of Montgomery County entered on a verdict returned in favor of the plaintiff.

Plaintiff's amended petition consists of three causes of action. We are concerned only with the first cause of action. Plaintiff alleges that on September 16, 1954, he and the defendant company entered into a written contract whereby plaintiff agreed to furnish the labor for enclosing 114 houses on a plat which was being developed by the defendant for an agreed price for each type of house, provided that the defendant furnished material for enclosing one house per day in a five-day work week; that the plaintiff began work on October 16, 1954; that on December 8, 1954, the contract was modified by the parties to provide that the defendant would furnish material for two houses per week; that the defendant terminated the contract on January 19, 1955; that plaintiff could have completed the enclosure of 48 houses, but, because of the breach of the contract by the defendant in failing to furnish material as agreed, the plaintiff enclosed only 43 houses; and that plaintiff was damaged in the sum of $17,005.26. This cause of action was amended during trial, whereby the amount claimed was reduced to $6,404.53. Defendant, in its answer, admitted entering into a written contract for the construction of houses, and alleged that the contract was terminated for good cause. Defendant alleged further that plaintiff failed to perform the terms of the contract, following which plaintiff entered a general denial. The reply was in the nature of a general denial.

The jury returned a verdict in favor of the plaintiff on the first cause of action for the amount of $6,404.53. Defendant's motions for judgment notwithstanding the verdict and for a new trial were overruled.

The defendant assigns as error the action of the court in overruling the motions and that the judgment is contrary to law. Defendant contends that there was a failure of proof with respect to the obligation of the defendant to furnish material for one house per day, and, after December 8, material for two

houses per week. The written contract was in mimeographed form, which the defendant prepared for use by various subcontractors. Blank spaces were left in the form, which were filled in by the use of pen or typewriter. A pertinent part of the contract is as follows:

"Prices above applicable if subcontractor is provided material for one home per day, 5 day week.

"If provided material for 2 homes per day, price will be less $30 each above basis.

"Section III. The subcontractor agrees to complete the several portions and the whole of the work herein sublet by the time or times following:

"As scheduled by builder."

On December 8, 1954, the parties agreed in writing to modify the contract, the pertinent part of the modification being as follows: "Contract prices submitted will still apply on a two house a week schedule."

Appellant contends that under the written contract it did not guarantee to furnish material at the rate of one house per day. From the evidence it appears that the written contract did not entirely embrace the true contract between the parties. The court very properly admitted oral testimony with respect to the interpretation placed on the contract by the parties and the supplementary verbal agreements between the parties. The evidence presented by the plaintiff was to the effect that the parties agreed that the defendant was to furnish material for enclosing one house per day and that the defendant failed to furnish sufficient material which would permit plaintiff to enclose one house per day; that the delay in furnishing material caused a shortage of five houses on the date of termination of the contract. The jury could very well conclude from the testimony of Rodenbeck that he understood he was to furnish sufficient material on a schedule which would permit plaintiff to enclose one house per day, and, after December 8, material to enclose two houses per week. This was one of the factual issues for the jury to determine. Apparently this issue of fact was resolved in favor of the plaintiff. Motions for judgment notwithstanding the verdict and for a new trial were properly overruled. This asignment of error is not well made.

Error is claimed because of the refusal of the court to submit certain interrogatories offered by the defendant.

Interrogatory No. 1 was: "Did defendant fail to furnish plaintiff with material for forty-eight houses?" Section 2315.16, Revised Code, as amended, effective October 4, 1955, provides that: "When either party requests it, the court shall instruct the jurors * * * specially to find upon particular material allegations contained in the pleadings controverted by an adverse party." Prior to amendment, our Supreme Court in *Kennard, a Minor, v. Palmer, a Minor,* 143 Ohio St., 1, 53 N. E. (2d), 908, held:

"4. Section 11420-17, General Code, contemplates interrogatories the answers to which will establish ultimate and determinative facts, or interrogatories which will elicit probative facts from which ultimate and determinative facts may be inferred as a matter of law.

"5. A special interrogatory which is so restricted as to time and events that an answer thereto favorable to the party presenting it would not be inconsistent with a general verdict for his adversary, may be refused."

Without discussing the full import of the amendment to Section 2315.16, Revised Code, we are of the opinion that the present section still contemplates interrogatories, the answers to which will establish ultimate and determinative facts, or which will elicit probative facts from which ultimate and determinative facts may be inferred as a matter of law. In the instant case, the interrogatory offered failed to meet this test. The time element, which was vital, was omitted.

Interrogatory No. 2 was: "Did plaintiff sublet work covered by the contract dated September 16, 1954.?" Interrogatory No. 3 was: "Did plaintiff obtain the written consent of the defendant before plaintiff sublet work covered by the contract?"

These two interrogatories are based on a provision in the written agreement, which is: "Section IX. Subcontractor agrees not to sublet work covered by this contract except by written consent of the builder."

While there was evidence from which a conclusion could be drawn that plaintiff had sublet a portion of the work without

the written consent of the defendant, the plaintiff presented evidence from which the jury might reasonably conclude that there had been a waiver of this provision in the contract.

These two interrogatories do not elicit facts which would test the correctness of the general verdict, which is the primary purpose for the submission of interrogatories. It is error to submit interrogatories which do not serve such purpose. *Anderson, Admx., v. S. E. Johnson Co.*, 150 Ohio St., 169, 80 N. E. (2d), 757.

We find no error in the general charge, as claimed in the third assignment of error, as the charge conforms to the petition as amended. The plaintiff claimed that with the same number of workmen, during the same period of time, had the defendant delivered on the job sufficient material to keep the plaintiff's workmen busy, the plaintiff would have enclosed 48 houses, rather than 43. Plaintiff contended, and presented evidence in support thereof, that because of the delay in securing material plaintiff's workmen were idle part of the time. In light of this evidence, a charge that plaintiff would be entitled to recover the contract price of the five houses, less what it cost defendant for repairs on houses enclosed by the plaintiff, was proper.

We find no error in the record prejudicial to the rights of the appellant, and the judgment is affirmed.

*Judgment affirmed.*

Hornbeck, P. J., and Crawford, J., concur.