**PICKERING, Appellant, v. CIRELL et, Appellees.**

Ohio Appeals, Ninth District, Lorain County.

No. 1294. Decided December 30, 1953.

Harrison, Spangenberg & Hull, Cleveland, for appellant.
Davis & Young, Cleveland, for appellee Ann Cirell.

## OPINION

By STEVENS, J.

The action filed in the Court of Common Pleas sought the recovery of damages for injuries allegedly sustained by plaintiff in a collision between the automobile in which she was riding as a passenger, and the automobile driven by defendant Ann Cirell.

The defendant Ann Cirell, by her answer, admitted her negligence, but denied the nature and extent of the plaintiff's injury.

The defendant Rudy J. Cirell was, at the request of plaintiff, dismissed from the case before trial.

The case was submitted to a jury, which returned a general verdict for said defendant Ann Cirell.

A motion for a new trial was filed, after judgment had been entered on the verdict, and said motion was thereafter overruled. This appeal on questions of law followed.

The only assignment of error presented is: The court erred when it refused to give plaintiff's request to charge before argument No. 2. That request was as follows:

"Before plaintiff is entitled to recover a verdict in this case she is required to establish her claim, with respect to all of the material issues in this case by what is known as the preponderance or the greater weight of the evidence.

"This does not mean, however, that she is required to prove all or any of them beyond a reasonable doubt, or by clear and convincing evidence, or to a mathematical certainty, or by such a weight of evidence as removes all doubt from your mind.

"In civil cases of this kind, the law deals with probabilities rather than with certainties.

"If, therefore, you find that with respect to each of the issues in this case, it is more probable than not that the claim of the plaintiff is true, then and in such event your verdict must be in her favor, and against the defendant; and this would be true even though upon a consideration of all the evidence in the case, there remains some doubt in your mind upon some or all of such issues in the case."

It is the mandatory duty of a trial court to give a written request to charge before argument, "provided the same be a correct statement· of the law, pertinent to one or more issues and applicable to evidence adduced in the case."

**Washington Fidelity National Ins. Co. v. Herbert, 125 Oh St 591.**

See also, **Bradley, etc., v. Mansfield Rapid Transit, Inc., 154 Oh St 154.**

Was the requested written charge before argument No. 2 a correct statement of the law?

This was a civil action for damages, predicated upon the claimed negligence of defendant, which negligence was admitted by defendant.

The only issue made by the pleadings and evidence was as to the nature and extent of plaintiff's injuries, if any.

To entitle plaintiff to recover, it was incumbent upon her to establish by a preponderance of the evidence that she sustained injuries because of the admitted negligence of the defendant, and the amount of her damages if she sustained injury.

There was no issue requiring mention of proof beyond a reasonable doubt, by clear and convincing evidence, to a mathematical certainty, or by such a weight of evidence as removed all doubt from the minds of the jury.

Under the caption "Necessity of Presenting Charge in Correct Form," the following appears in **39 O. Jur., Trial, Sec. 313, pg. 1031:**

"* * * The trial judge is not required to give to the jury, before argument, any special requested instruction unless it **literally** states correctly the proposition of law which it is intended to express,—unless it is strictly accurate and correct. He must give it in the form presented by counsel, and if, as presented, a request is not in proper form, does not contain a sound proposition of law, invades the province of the jury, or under the circumstances of the case is misleading,—if it is defective in any respect—the requested charge should be refused. * * *" (Emphasis ours.)

The text is supported by numerous decided cases, cited in the footnotes. See also, **39 O. Jur., Trial, Secs. 265 and 318, pgs. 947, 1036,** and cases cited thereunder.

The second paragraph of the requested charge is surplusage, had a tendency to mislead the jury, and is not in proper form because it dealt with what did not need to be established, and thus warranted the trial court in refusing to give the charge.

The third sentence of the requested charge stated: "In civil cases of this kind, the law deals with probabilities rather than with certainties."

We have in this case an excellent example of the law dealing with certainties. Negligence which is usually an issue to be proved, was admitted by the defendant. That issue was thereby removed from the realm of proof, and became a certainty, which the jury, because of the admission, was bound to accept as true.

The statement was hence misleading, would have tended to confuse the jury, and furnished adequate basis for the refusal by the court to give the requested charge.

The fourth paragraph of the requested charge is not strictly accurate,

because the jury was required to consider all the evidence admitted in the case, and that paragraph failed to so state.

We find no prejudicial error in the refusal to give the requested charge before argument, because the same did not comply with the accepted rules pertaining to charges before argument.

Judgment affirmed.

DOYLE, PJ, HUNSICKER, J, concur.