HALE, ADMX., ET, PLAINTIFF-APPELLANT, *v.* GOODWIN, DEFENDANT-APPELLEE.

Ohio Appeals, Seventh District, Ashtabula County.

No. 577.  Decided May 3, 1963.

*Mr. Phillip J. Cantagallo* and *Mr. C. D. Lambrose,* for plaintiff-appellant.

*Mr. Charles P. Baker, Jr.,* for defendant-appellee.

BROWN, J.  Alice M. Hale, as Administratrix of the Estate of Fred Hale, brought suit claiming that defendant's negligence caused a collision between two semi-tractor units and

resulted in her husband's death. The cause was tried to a jury and a verdict was returned for the defendant.

The plaintiff-appellant assigns as error the refusal of the trial court to give the following charge before argument as requested:—

"Before the plaintiff can recover a verdict in this case, she is required to prove her claims to be true by what is known as the preponderance or the greater weight of the evidence.

"This does not mean, however, that she is required to prove all or any of these claims by clear and convincing evidence, or by such a weight of evidence as to exclude all doubt from your minds.

"In civil cases of this character the law deals with probabilities rather than with certainties.

"If you find, upon a consideration of all the evidence in this case, that with reference to each of the issues of fact required to be proved or established by the plaintiff, it is more probable that the plaintiff's claims are true, than the contrary, then and in such case the plaintiff would have proved her case by a sufficient degree of proof to warrant and require a verdict in her favor; and this would be true even though there would remain in your minds a substantial doubt with reference to some or all of such disputed issues of fact.

This court believes that the requested charge was properly refused.

Definitions which concern the degree of proof required can be quite confusing at best. In a case in which the plaintiff is required to prove the essential elements alleged in her petition by a preponderance of the evidence it is confusing and unnecessary to give an additional charge in which it is stated that the plaintiff does not need to prove her case by more than a preponderance and to proceed to discuss in a negative way other rules applying to quantum or weight of evidence. The mandatory requirement of the statute that requests to charge be given before argument if the same are a correct statement of law pertinent to one or more issues and applicable to evidence adduced in the case applies only if the proposition of law requested is strictly accurate and applies to the issues.

Since there was no issue in this case requiring the use of

the phrase "clear and convincing evidence," it should not be mentioned. The requested charge is not applicable to the evidence adduced in the case, and was properly refused. *Pickering, Appellant,* v. *Cirell, Appellee,* 72 Ohio Law Abs., 51.

The judgment is affirmed.

DONAHUE, P. J., and FRANCE, J., concur.