By the Court.
 

 The record is of great length and the assignments of error are exceptionally numerous. All have been considered carefully by the court, but an extended discussion is unnecessary, inasmuch as the principles of law involved are well settled and not in serious dispute among counsel. The controversy is encountered in attempting to apply the law to the particular facts disclosed by the record in this case.
 

 
 *569
 
 Counsel have assisted in simplifying the matter by agreeing that the principle of
 
 respondeat superior
 
 is not involved in the case, and that the plaintiff’s claim for damages for injuries to his person is based solely upon the theory of conspiracy among the three defendants — the corporation, its superintendent of police and its captain of police. However, the defendant corporation contends that the trial court nevertheless charged the jury on the subject of
 
 respondeat superior.
 
 This the plaintiff denies. The following is the language claimed to constitute such a charge:
 

 “If you .find from, the evidence in this case that Dewey Jones or James Williams or either or both of them, acting entirely and wholly for themselves and in their own behalf and outside of the scope of their duties as agents and employees of the Republic Steel Corporation, instigated or instructed the employees of said company to participate in the riot on the soup kitchen on the night of July 26, 1937, without any authority express or implied from the corporation so to do, then the corporation cannot be held liable as a conspirator.
 

 “If, however, you find by the greater weight of the evidence that Dewey Jones or James Williams or either or both of them instigated or instructed the employees of the Republic Steel Corporation to commit the attack upon the soup kitchen and such action or conduct on the part of either or both of them was pursuant to authority expressly or impliedly conferred by the corporation itself, then, in such event, the corporation can be held liable as a co-conspirator Such authority of the corporation need not be established by direct and actual proof or orders expressly given by any particular officer or officers of the company, but may be established by facts and circumstances by which it may be fairly inferred that such authority was
 
 *570
 
 conferred by someone authorized to act on behalf of the corporation.”
 

 The defendant corporation insists that “as we interpret it” the foregoing quoted paragraphs constitute a charge on the subject of
 
 respondeat superior.
 
 With this contention this court finds itself unable to agree. The trial court, the plaintiff and all the defendants were agreed that the principle of
 
 respondeat superior
 
 is not involved in this case. A study of the voluminous record discloses that the plaintiff based his cause on the theory of conspiracy alone, and that the trial court likewise so restricted the charge to the jury. Early in the charge appears the statement that in “his second amended complaint, plaintiff alleges .in substance that the defendants, the Republic Steel Corporation, James Williams, and Dewey Jones, conspired * * Later it was stated that “the burden of proof rests upon the plaintiff to establish by a preponderance of the evidence the existence of the conspiracy alleged * * Still later the court charged that if “you find from a consideration of the evidence that there was no such conspiracy, your deliberations will conclude there and your verdict will be for the defendants and all of them. ’ ’ In numerous other instances in the charge the court in clear unmistakable language instructed the jury that in the absence of proof of a conspiracy the plaintiff could not recover. The jury specifically found that the defendants did enter into a conspiracy. Viewing the charge in its entirety, as a reviewing court is required to do, no basis is apparent for the claim of ambiguity or inaccuracy. It was entirely proper for the trial court to remind the jury of the elementary rule that a corporation acts solely through representatives exercising express or implied authority.
 

 The defendant corporation likewise complains of the following language in the charge of the trial court:'
 

 “A corporation acts through its officers, agents or
 
 *571
 
 employees and can be held liable for a conspiracy with its agents‘or employees only if it be shown that the corporation consciously participated in such conspiracy. Acts done by agents or employees of a corporation without authority express or implied or without its consent, acquiescence or connivance, cannot bind the corporation as a member of a conspiracy.
 

 “However, if it be established by the greater weight of the evidence that the alleged conspiracy existed and was carried on by employees or agents of the corporation with its authority, express or implied, or with its positive or tacit consent, or with the connivance of the corporation, then the corporation may be held to be a co-conspirator, the same as a natural person,”
 

 It is contended by the defendant corporation that this language in effect instructed the jury that either of the defendants Jones or Williams could enter into a conspiracy with himself by acting in a dual capacity for himself and also for the corporation at the same time, thus permitting a conspirator to be counted twice —once for himself and once for the corporation. The plaintiff agrees that neither Jones nor Williams should be counted twice, and a study of the context of the charge of the court discloses nothing at variance therewith.
 

 The next complaint of the defendants relates to the four interrogatories requested by them.
 

 The first was submitted to the jury and reads as follows:
 

 “Did the Republic Steel Corporation enter into a conspiracy with the defendants, Williams and Jones, or either of them,
 
 to'
 
 prevent unionization or to bring the strike to an end by means of violence?”
 

 The jury’s answer was “Yes.”
 

 The following requests were refused by the trial court:
 

 “2. Who, by name, or by office or position in the
 
 *572
 
 corporation, upon behalf of or acting for the Republic Steel Corporation, entered into such conspiracy!
 

 1
 
 ‘3.
 
 With whom did such a person or persons named in answer to question No. 2, as acting for the Republic Steel Corporation, enter into such conspiracy?
 

 “4. Was the attack upon the pickets and strikers on the night of July 26, 1937, in which the plaintiff was injured, (1) a part of or in furtherance of a conspiracy by the defendants, or at least two of them, to prevent unionization and to bring the strike to an end by violence, or (2) was the said attack caused solely and proximately by a rebellion by the workers themselves against the conduct of the pickets, strikers and sympathizers in stoning the automobiles of the workers and causing them injury when they were attempting to go to work?”
 

 The plaintiff concedes that the first interrogatory was properly submitted inasmuch as it required an answer that was not merely evidentiary but tested the verdict. However, this cannot be said with reference to the second and third interrogatories which fail to meet the requirements as stated in paragraph 7 of the syllabus in the case of
 
 Schweinfurth, Admr.,
 
 v.
 
 C., C., C. & St. L. Ry. Co.,
 
 60 Ohio St., 215, 54 N. E., 89, reading as follows:
 

 “It is not the purpose of Section 5201, Revised Statutes, which requires the court, when requested by either party, to direct the jury to find specially upon particular questions of fact, to require special findings of merely evidential facts. The ‘particular questions of fact’ contemplated by the statute are those, the answers to which will establish ultimate and determinative facts, and not such as are only of a probative character.”
 

 Just what ultimate and determinative facts would have been established by answers to the second and third interrogatories is not apparent. The identity
 
 *573
 
 of these persons would of course be probative, but this does not meet the requirements of the rule.
 

 With reference to the fourth interrogatory the following- is disclosed by the record:
 

 “The court stated clearly and specifically to counsel for the defendants that interrogatory No. 4 in the form presented would be denied. The court stated further that if counsel were willing to,make two interrogatories-out of No. 4 so as to divide the interrogatory and present the two questions therein contained, separately, the separate questions would be submitted to the jury as separate interrogatories.
 

 ‘ ‘ Counsel for defendants declined to separate the interrogatory and thereupon the court declined to submit No. 4 in the form presented, upon the ground that as so phrased it was misleading and failed to take into account other possible alternatives than those presented therein.”
 

 With this view this court finds itself in full accord..
 

 The defendants make many further complaints. These have been studied at length, but no prejudicial error is apparent.
 

 The judgment of the Court of Appeals affirming that, of the trial court is not erroneous and must be affirmed..
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Bell, Williams and Turner, JJ., concur.