HITE, APPELLANT, *v.* NEW YORK, CHICAGO & ST. LOUIS RD. CO., APPELLEE.

520

(No. 22950—Decided March 3, 1954.)

*Messrs. Harrison, Spangenberg & Hull,* for appellant.
*Mr. D. W. Hornbeck,* for appellee.

HURD, P. J. This is an action for personal injuries tried to a jury in the Common Pleas Court, resulting in a verdict for defendant, upon which judgment was entered by the court. The injuries complained of were due to a railroad crossing accident at E. 75th Street and the Nickel Plate tracks, where there was a collision between plaintiff's automobile and an engine and tender operated by the defendant.

There is one assignment of error, namely, "that the trial court erred in refusing to give special requests Nos. 2 and 4 which were submitted in writing before argument."

We have examined the special requests in relation to the issues in this case and have concluded that refusal to give them did not constitute prejudicial error.

Special request No. 2, which was refused, reads as follows:

"In this case, the plaintiff has the burden of proof with respect to certain issues, namely, the issues as to the defendant's negligence, proximate cause and the nature and extent of his damage and injury.

"Upon each of these issues, the burden of proof is upon the plaintiff to establish his claims by the preponderance or greater weight of the evidence. This

does not mean, however, that the plaintiff is required to prove all or any of these issues *by clear and convincing evidence, nor by the greater number of witnesses, nor to a mathematical certainty, nor by such a weight of evidence as removes all doubt from your minds.*

"In civil cases of this character, the law deals with probabilities rather than with certainties. If, therefore, you find upon a consideration of all the evidence, in the case, that it is more probable than not that the defendant was negligent in one or more of the respects charged in the petition and submitted to you for your consideration, and that plaintiff suffered damage and injury as a direct and proximate result of such negligence you would regard such issues proved by a sufficient degree of proof to support the plaintiff's claims; *and this would be true even though there remains in your mind a substantial doubt upon one or the other or all of said issues.*" (Emphasis added.)

Special request No. 4, which was refused, reads as follows:

"One of the claims of the defendant, in this case, is that the plaintiff was guilty of contributory negligence in failing to see and observe the approach of the defendant's engine, in season to have avoided the accident.

"In considering this issue, you will bear in mind that the negligence of the plaintiff (if you should find that in fact he was guilty of negligence) would not affect his rights in this case, unless you find further by the greater weight of the evidence that his negligent conduct was a direct and proximate cause of his injury. In other words, the negligence of a plaintiff does not prevent him from recovery unless it directly and proximately causes or directly and proximately contributes to cause his injury.

"Furthermore, you can not find the plaintiff guilty of contributory negligence merely because a person of unusual prudence might have seen or would have seen and observed the approaching train.

"The question is whether a person of ordinary care would and should have seen its approach in time to have avoided the accident.

"If, therefore, you find by a preponderance of the evidence that the defendant was negligent in one or more of the respects charged in the petition and submitted to your consideration, and that plaintiff suffered injury and damage as the direct and proximate result of such negligence; and that the plaintiff, in the exercise of ordinary care, relied upon the defendant's warning lights to give seasonable warning of the approach of its engines and trains, and that said lights were not burning or flashing when he approached the crossing, and that persons of ordinary care would have relied upon that fact to indicate that no engines or trains were approaching, and that in his manner of approach to the crossing the plaintiff exercised as much care as would ordinarily be exercised by ordinarily careful persons under the same or similar circumstances, then and in such event your verdict must be for the plaintiff; and this would be true even though you also find that some other person of unusual care, prudence and caution might or would have seen and observed the approach of the engine in time to avoid the collision."

In a civil action, the mandatory duty devolves upon the court to give a special written instruction to the jury before argument which correctly states the law applicable and pertinent to one or more of the issues of the case which have not been covered by other special instructions. See *Bradley, an Infant,* v. *Mansfield Rapid Transit,* 154 Ohio St., 154, 93 N. E. (2d), 672 (fifth paragraph of syllabus).

However, it is not the mandatory duty of a court to give a special instruction before argument which tends to negative or exclude every possible element or conceivable rule of law which, although correct in the abstract, is not pertinent or applicable to any issue in the case and which, being surplusage, may tend to mislead or confuse the jury.

Considering charge No. 2, it will be noted that after the rule of law is correctly stated to the effect that the burden of proof is upon plaintiff to establish his claims by the preponderance or greater weight of the evidence, other issues are injected dealing with degrees of proof in other types of cases, such as instructing the jury that "this does not mean clear and convincing evidence" or "such weight of the evidence as removes all doubt from your minds." This is a civil case at law for money only. No issue of fraud or other issue is involved which requires instructions upon the rule of clear and convincing evidence. Likewise, there is no issue requiring instruction upon the rule requiring evidence beyond a reasonable doubt as in criminal cases.

In *Pickering* v. *Cirell* (Ninth District Court of Appeals, 118 N. E. [2d], 414), decided December 30, 1953, the court found no prejudicial error in the refusal to give a similar instruction before argument "because the same did not comply with the accepted rules pertaining to charges before argument."

Stevens, J., while discussing the general principles applicable to special requests to charge, said:

"There was no issue requiring mention of proof beyond a reasonable doubt, by clear and convincing evidence, to a mathematical certainty, or by such a weight of evidence as removed all doubt from the minds of the jury * * * The second paragraph of the requested charge is surplusage, had a tendency to mislead the

jury, and is not in proper form because it dealt with what did not need to be established, and thus warranted the trial court in refusing to give the charge.''

That was an action in negligence for personal injuries, growing out of an automobile collision while this action is for personal injuries growing out of a collision between a railroad engine and an automobile. The issues there were essentially the same as the issues here except that in that case, negligence, which is usually the issue to be proved, was admitted by the defendant. We think the reasoning of the court, by Stevens, J., in that case is sound and has equal application to the issues of this case.

Appellant here relies primarily upon *Solanics* v. *Republic Steel Corp.*, 142 Ohio St., 567, 53 N. E. (2d), 815, a case originating in the Court of Common Pleas of Cuyahoga County, where a charge similar to requested charge No. 2 herein was given at the request of plaintiff. The judgment for plaintiff was modified and, as modified, affirmed by this court, and the Supreme Court affirmed the judgment of this court. It is argued that because the Supreme Court affirmed the judgment in that case it thereby upheld the charge requested here and, therefore, it was prejudicial error to refuse to give the charge in the instant case.

However, the *Solanics case* must be distinguished from this case on the facts. While that case sounded in tort, it was not a negligence action and the doctrine of *respondeat superior* was not involved. Plaintiff's claim for damages for injuries to his person was based solely on the theory of conspiracy among three defendants, the corporation, its superintendent of police, and its captain of police.

The plaintiff charged in that case that the defendants made a concerted attack upon the pickets and

strikers, as a result of which plaintiff suffered serious injuries, and that all this was in furtherance of a conspiracy by defendants to prevent unionization and to bring the strike to an end by violence.

In other words, there was involved in that case an assault and battery which would subject the parties to a criminal as well as a civil action. Under such circumstances, it is understandable that such instruction would be considered applicable to the facts and circumstances of that case. Also, the Supreme Court may have considered that substantial justice was done the party complaining as there is no discussion of the charge in the opinion. However that may be, we recognize a clear distinction between such a case and a railroad crossing accident founded solely upon negligence, where no conduct of a criminal nature is claimed or involved.

What we have said with respect to requested charge No. 2 is equally applicable to requested charge No. 4. This charge, after correctly stating the rule with respect to proof of contributory negligence, injects a further issue by adding the element of what a person of "unusual prudence" might have seen or observed. The conclusion of this requested charge is particularly objectionable where it is stated: "*and this would be true even though you * * * find that some other person of unusual care, prudence and caution might or would have seen and observed the approach of the engine in time to avoid the collision.*" (Emphasis added.) This charge, instead of clarifying the issues, has a tendency to confuse the jury.

The jury might receive the impression that it was required to find what a person of unusual prudence and caution might do under similar circumstances. At best the charge is a mere abstract statement, there being no issue here concerning a person of unusual prudence, care or caution.

Concerning this subject, see 4 Ohio Jurisprudence (2d), 377, Appellate Review, Section 1048, which reads, in part, as follows:

"The refusal of the trial court to charge a mere abstract proposition of law having no practical application to the issues and facts of the case on trial is not ground for reversing the judgment; and this is so even though the proposition may be perfectly sound in itself."

See, also, 4 Ohio Jurisprudence (2d), 380, Appellate Review, Section 1050, which reads, in part, as follows:

"What has been said as to the harmlessness of the refusal of abstract and inapplicable instructions applies with even greater force to the refusal of instructions which not only are inapplicable to the case made by the pleadings and evidence but also tend to divert the attention of the jury from the real issues before them by injecting into the case questions and issues which are wholly foreign thereto."

The text in each instance is supported by a long list of authorities.

In addition, see 39 Ohio Jurisprudence, 947, 949, Trial, Section 265; page 1031, Section 313; page 1036, Section 318.

In conclusion, we are satisfied from an examination of the entire record of this case that substantial justice has been done the party complaining and that under all the facts and circumstances it was not error prejudicial to the rights of plaintiff to refuse the special requests for charges before argument.

*Judgment affirmed.*

KOVACHY and SKEEL, JJ., concur.