MERRIMAN, APPELLEE, *v.* HARTFILE, A MINOR, ET AL., APPELLANTS.

(No. 194—Decided November 10, 1959.)

*Messrs. Armstrong & Martin* and *Mr. Raymond E. Boller,* for appellee.

*Messrs. Bentley, Cory, Boesel & Leonard, Messrs. Pickrel, Schaeffer & Ebeling* and *Mr. William H. Selva,* for appellants.

MIDDLETON, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Auglaize County. The plaintiff, Goldie Merriman, brought the action against the defendants to recover damages for injuries suffered by her in an automobile accident arising from the alleged concurrent negligence of the defendants. The cause was tried before a jury, a verdict in the sum of $20,000 was returned against both defendants and judgment was entered thereon. A motion for new trial was overruled. From the judgment entered on the verdict, the defendants filed separate appeals to this court.

The facts are not involved. The accident occurred on U. S.

route No. 33, approximately one mile west of the city of Wapakoneta, in Auglaize County. In her amended petition, the plaintiff avers that on or about 9:10 p. m. on November 11, 1956, she was riding in a Pontiac automobile driven by her husband in a westerly direction on the north side of U. S. route No. 33, approximately one mile west of Wapakoneta; that at that time and place the defendant Barney, driving a 1956 Cadillac, approached U. S. route No. 33 from the north upon a private lane; that the defendant Hartfile, was driving a Chevrolet in an easterly direction on U. S. route No. 33 at a speed of approximately 65 miles an hour; that while plaintiff's Pontiac and the Hartfile Chevrolet were approaching each other, the automobile driven by defendant Barney pulled into the highway in a southerly direction, across the path of plaintiff's Pontiac, and turned to the east directly into the path of Hartfile's Chevrolet; that the defendant Hartfile was unable to reduce the speed of his vehicle or to stop the same in time to avoid a collision with the vehicle of Barney, in his path; that the defendant Hartfile thereupon turned his vehicle to the left and across the center line of the highway and directly into the path of the vehicle in which plaintiff was riding; that the right-hand portion of the Hartfile vehicle collided with the front portion of the vehicle in which plaintiff was riding; and that as the direct and proximate result of said collision and of the concurrent negligence of the two defendants, the plaintiff sustained extensive injuries set forth in detail in the amended petition.

The defendant Hartfile, by his guardian *ad litem*, for answer to the amended petition of plaintiff, admits the occurrence of the accident and that an automobile driven by Hartfile was involved in the accident. Further answering, the defendant denies each and every allegation of plaintiff's petition not admitted to be true.

The defendant Barney answered, admitting the occurrence of the collision, and that at the time this defendant was operating a Cadillac eastwardly on the south side of U. S. route No. 33; that as a result of the collision between the Pontiac and the automobile operated by Hartfile, the plaintiff received injuries. "Further answering, the defendant denies every allegation contained in plaintiff's amended petition which is directed against

or involves this answering defendant which has not herein been specifically admitted to be true.''

The defendants, appellants herein, filed separate assignments of error. The defendant Hartfile set forth two assignments of error which will be first considered by the court, to wit:

''1. The court erred in its general charge to the jury.

''2. The court erred in failing to sustain the motion of the defendant Hartfile for a directed verdict at the close of all the evidence.''

The first claimed error in the general charge is that the court erroneously defined the term, ''preponderance of evidence.'' The court, in defining the preponderance of evidence, stated:

''If, after a full, careful consideration of all the evidence in this case your minds are inclined to believe the contentions of one side on any issue rather than the contentions of the other, then the side to which your mind is thus inclined has the preponderance of evidence.''

This quotation, however, has been taken out of context. The full statement of the court, in defining preponderance of the evidence, was as follows:

''By 'preponderance of the evidence' is meant the greater weight, the more convincing force or probative effect of the evidence; not necessarily a greater number of witnesses who have testified upon one side or the other. If the evidence is so evenly divided that your minds cannot tell on which side it preponderates, then the one who affirms must lose, for in law he who affirms must prove. If, after a full, careful consideration of all the evidence in this case your minds are inclined to believe the contentions of one side on any issue rather than the contentions of the other, then the side to which your mind is thus inclined has the preponderance of the evidence. You, ladies and gentlemen of the jury, are the sole judges of the facts. It is your duty to ascertain facts and to determine from the evidence submitted to you whether or not the plaintiff has established her case by a preponderance of the evidence. In deciding facts, you have the right to make any reasonable inference from the facts and evidence that you deem logical.''

This clearly is not a situation where conflicting charges are given in different parts of the charge. We recognize that a correct statement of the law in one part of a charge does not cure a misstatement of the same principle of law found in another part of the charge. With the portion of the definition complained of by the defendant Hartfile, the court does not approve of the expressions used by the court in his definition of "preponderance of the evidence." However, when read as a part of the complete definition, the charge as given was not erroneous.

If defendant was of the opinion that the court should have charged more fully upon the issue, it was the duty of the defendant to have called the court's attention to any omission complained of and to have suggested to the court the charge requested. The record fails to reveal any notice given to the court of any claimed omission in the charge or any request to further charge. In the absence of such motion and a request to charge, the defendant cannot now complain. *Columbus Ry. Co.* v. *Ritter*, 67 Ohio St., 53; *Karr, Admr.*, v. *Sixt*, 146 Ohio St., 527; *Rhoades* v. *City of Cleveland*, 157 Ohio St., 107.

We find no error in the court's refusal to grant the defendant's motion for a directed verdict. The evidence appearing in the record plainly presents a jury question and the court properly refused defendant's motion.

The defendant Barney's assignment of errors is as follows:

"1. The court erred in refusing to give the written pre-argument charge offered by defendant-appellant David E. Barney.

"2. The court erred in its general charge to the jury.

"3. The court erred in refusing to modify its general charge by including and charging on admissions to which its attention was directed by defendant-appellant David E. Barney before the case was submitted to the jury."

The defendant Barney submitted to the court and requested the court to give the following written instruction before argument, which request was refused by the trial court, to wit:

"I charge you that the defendant David E. Barney in the operation of his automobile at the time and place set forth in plaintiff's amended petition had a right to assume until or un-

less he had knowledge to the contrary that users of the highway in question would use them in a lawful manner and until he had such knowledge he was entitled to govern his action in accordance with that assumption."

"Where, in a civil action, the court is requested to give a written special instruction to the jury before argument, which is linked to the parties to the action and which correctly states the law applicable and pertinent to one or more of the issues of the case and upon a subject which has not been covered by other special instructions before argument, a mandatory duty devolves upon the court to give such instruction in the form presented, and the failure to do so is reversible error." *Bradley, an Infant,* v. *Mansfield Rapid Transit, Inc.,* 154 Ohio St., 154.

The requested special instruction contains a correct statement of the law, pertinent to the issues, applicable·to the facts as shown by the record, and linked to the parties. In our opinion this instruction should have been given, and the refusal to so give constituted prejudicial and reversible error.

Under defendant Barney's second assignment of error, it is claimed "The court erred to the prejudice of the defendant David E. Barney in his charge to the jury in the following respects:

"A. In incorrectly defining burden of proof and imposing upon appellant a greater burden than required." The court, in defining burden of proof, stated:

"By burden of proof is meant the duty of producing sufficient evidence to lead you to believe that the facts are as the party who has the burden claims them to be. For this purpose the law requires that the party who affirms that a fact exists must do so by a preponderance of the evidence."

It is apparent that if the instruction as given was error, it was prejudicial to the plaintiff and not to the defendant Barney. The instruction does not place any burden of proof upon the defendant, and does not, as contended by the defendant, deny to him any benefit he might obtain from all the evidence, and the instruction does not in any way prejudice this defendant. We find this claim of error without merit.

Under this assignment of error the defendant also asserts that the court erred in its charge in instructing the jury, "If, after a careful consideration of all the evidence in this case,

your minds are inclined to believe the contentions of one side on any issue rather than the contentions of the other, then the side to which your mind is thus inclined has the preponderance of the evidence.'' This claimed error is one of the errors set out in the assignment of errors presented by defendant Hartfile and is discussed by the court under his assignment of error, and therefore does not require repeating. As heretofore held in disposing of this same assignment of error advanced by Hartfile, we find no prejudicial error.

Defendant complains further of the court's charge in defining negligence and also in failing to limit the negligence of appellant Barney to that charged against him by the appellee. We find nothing in the charge as given prejudicial to defendant Barney. The charge as given is free from error and if any additional instruction was desired it was the duty of the defendant to call the court's attention to the omission and request the court to give further instruction on the subject. The record does not reveal that the court's attention was called to any omission in the charge or any request for further instruction. No request was made by defendant Barney for the court to charge on the subject of negligence as a matter of law, nor a request by this appellant for the court to differentiate between negligence per se and ordinary care. Failure to charge on negligence per se in driving left of center of the highway affects only Hartfile's liability to the plaintiff and not the liability of the defendant Barney, and did not in any way affect the question of defendant Barney's negligence and he was not, therefore, prejudiced thereby.

Defendant Barney complains further of the court's charge as follows:

''In limiting the defendant Hartfile's unlawful operation to speed alone.''

Again the defendant Barney takes the complained of portion of the charge out of context. When the entire charge on the subject of right of way is read, as applied to each of the defendants, and the duty devolving upon each defendant, we believe the charge to be a fair statement of the law. When this charge is considered in relation to the evidence in the record, we find no error prejudicial to the defendant Barney.

Under defendant Barney's third assignment of error, it is

claimed the court erred in failing to supplement his general charge by charging on the negligence of the defendant Hartfile in driving to the left of the center of the road and in failing to stop his car in the assured clear distance ahead.

The failure of the court to charge as requested could affect only the defendant Hartfile's negligence as it relates to the plaintiff. Failure to so charge in no way related to or affects the negligence of the defendant Barney. To refuse to so charge, we find was not error.

The second branch of this assignment of error is the failure to charge on the assured-clear-distance-ahead law. In the case at bar, there was no collision between the vehicle driven by the defendant Hartfile and the vehicle driven by the defendant Barney. Both defendants were driving in the same direction and in the same lane of travel. Under this state of facts, does the assured-clear-distance-ahead statute have any application? We believe it does not. In the case of *McFadden, Admx.,* v. *Elmer C. Breuer Transportation Co.,* 156 Ohio St., 430, it is stated in the first paragraph of the syllabus, to wit:

"The question of whether the operator of a motor vehicle was negligent in failing to comply with the 'assured-clear-distance-ahead' rule contained in Section 6307-21, General Code, is not presented to the trier of the facts where there is no substantial evidence (1) that the object with which such operator collided was located ahead of him in his lane of travel, and (2) that such object was reasonably discernible, and (3) that the object was (a) static or stationary, or (b) moving ahead of him in the same direction as such operator, or (c) came into his lane of travel within the assured clear distance ahead at a point sufficiently distant ahead of him to have made it possible, in the exercise of ordinary care, to bring his vehicle to a stop and avoid a collision."

We find this assignment of error without merit.

For the error of the court in refusing to give the written instruction to the jury before argument as requested by the defendant Barney and set forth in his first assignment of error, the judgment of the trial court must be reversed as to both defendants.

*Judgment reversed.*

YOUNGER, P. J., and GUERNSEY, J., concur.