{¶ 34} Defendant clearly solicited sex from the undercover officer. However, that was only after she had approached him, and was in response to statements she made suggesting that she was available to engage in sex for hire. Therefore, the criminal design originated not with the Defendant but the officer, who likewise implanted a disposition to commit the offense in Defendant's mind in order to induce its commission and prosecute him for it. The foundation of entrapment is thus established. State v. Doran (1983), 5 Ohio St.3d 187.
 {¶ 35} The record is wholly bare of any evidence that Defendant was predisposed to commit the crime with which he was charged. He didn't "cruise" the area for sex. He didn't approach the officer; she approached him. He was seated in his car and talking on a cell phone when she did. The test for predisposition is concerned with the perpetrator's subjective state of mind. Id., Sorrells v. United States (1932),287 U.S. 435; 53 S.Ct. 210; 77 L.Ed.2d 413. There is no basis to find that the Defendant subjectively intended or desired to commit the crime with which he was charged when the officer approached him.
 {¶ 36} Entrapment is an affirmative defense. Unlike the criminal charge to which it applies, which must be proved by the State, the burden to prove an affirmative response is on its claimant. R.C. 2901.05(A). However, the burden of its proof is not on the reasonable doubt standard but on the lesser preponderance of evidence standard. Id. A preponderance of the evidence is simply the greater weight or more convincing force of all the evidence probative of a claim or defense. Merriman v. Hartfile
(1959), 112 Ohio App. 155. On that basis, I would find that the Defendant proved the affirmative defense of entrapment and was entitled to a not guilty verdict on the charge against him.