OPINION
{¶ 1} Defendant, Harold Sheffield, Jr., appeals from hisconviction for carrying concealed weapons in violation of R.C.2923.12(A). Sheffield argues that the trial court erred when itrejected application of the affirmative defense provided bydivision (C)(2) of R.C. 2923.12. We do not agree, and accordinglywill affirm Sheffield's conviction.
 {¶ 2} Sheffield was stopped at about 10:00 p.m., on July 1,2002, by Dayton Police Officer Patricia Pasquel, after he failedto yield the right of way to Officer Pasquel's police cruiser.Sheffield had just exited the area of Parkside Homes in Dayton.Sheffield told Officer Pasquel that he didn't see her comingbecause he was trying to get away from Parkside Homes quickly,having dropped off a friend there, after he had seen severalpeople in Parkside Homes firing guns.
 {¶ 3} Officer Pasquel's inquiries revealed that Sheffield'sdriving privileges were suspended. He was arrested for DUS. Apat-down search of his person yielded a firearm identificationcard. Sheffield told Officer Pasquel that he had a gun under thedriver's seat of his vehicle. A search yielded the gun.
 {¶ 4} Sheffield was indicted for carrying concealed weapons inviolation of R.C. 2923.12(A). Sheffield waived his right to ajury trial and the charge was tried to the court. Sheffieldinvoked the affirmative defense in R.C. 2923.12(C)(2). The trialcourt, relying on our decision in State v. Hmidan (May 7,1999), Montgomery App. No. 17161, found Sheffield's evidenceunpersuasive and rejected the affirmative defense. Sheffield wasfound guilty and was convicted. He was sentenced to five years ofcommunity control sanctions. He filed a timely notice of appeal.
 ASSIGNMENT OF ERROR {¶ 5} "The trial court erred by ruling that defendant did notprove the affirmative defense to the carrying a concealed weaponcharge."
 {¶ 6} All crimes are statutory. Criminal liability requires(1) commission of a statutorily prohibited act or omission (2)with the degree of culpability the statute requires. R.C.2901.21(A). It is the prosecution's burden to prove thoseelements of the offense beyond a reasonable doubt. R.C.2901.05(A). However, "[t]he burden of going forward with theevidence of an affirmative defense, and the burden of proof, by apreponderance of the evidence, is upon the accused." Id.
 {¶ 7} An affirmative defense is one which, inter alia, is"expressly designated as affirmative." R.C. 2901.05(C)(1). Itsproof by a preponderance of the evidence means that the greaterweight or more convincing force of the evidence presented on theissue preponderates in favor of the defendant. Merriman v.Hartfile (1959), 112 Ohio App. 155. A positive finding relievesthe defendant of criminal liability for the offense alleged.
 {¶ 8} R.C. 2923.12(A) states: "No person shall knowingly carryor have, concealed on his or her person or concealed ready athand, any deadly weapon or dangerous ordnance." It is undisputedthat Sheffield violated that prohibition. At issue is theapplication of division (C) of R.C. 2923.12, which states:
 {¶ 9} "It is an affirmative defense to a charge under thissection of carrying or having control of a weapon other thandangerous ordnance, that the actor was not otherwise prohibitedby law from having the weapon, and that any of the followingapply:
 {¶ 10} "* * *
 {¶ 11} "(2) The weapon was carried or kept ready at hand bythe actor for defensive purposes, while the actor was engaged ina lawful activity and had reasonable cause to fear a criminalattack upon the actor or a member of the actor's family, or uponthe actor's home, such as would justify a prudent person in goingarmed."
 {¶ 12} In Hmidan, we held that the R.C. 2923.12(C)(2)affirmative defense "involves some particular danger or threat ofcriminal attack that is both specific and immediate, but noparticular situation giving rise to the threat is required tocreate the defense." Id., at p. 5. That latter qualificationdistinguishes the (C)(2) defense from the defense in (C)(1) ofthe section, which involves to the situational needs of theactor's employment.
 {¶ 13} Sheffield explained that he had the gun in his carbecause, one week earlier, his niece had been driving the car inParkside Homes when a random gunshot struck the car. He concededthat his niece had been caught in the crossfire between twogroups firing guns and was not a target. He also conceded thatthe people he saw firing weapons on the night he was arrestedwere not firing at him.
 {¶ 14} It is a bitter irony that in an advanced society peoplemust live in fear of serious injury and death from randomgunfire. However, that is a fact of life for people who areunfortunate enough to live in places where guns abound and arewantonly abused. Recently enacted "concealed carry" laws arepredicated on the notion that having a gun and being trained inhow to use it offers protection against threats of violence.Whether that will happen remains to be seen. However, one mayexclude from whatever protections derive from that measure theform of violence involving random gunfire, which no measure orprotection can prevent. Avoidance, if that's possible, is theonly protection.
 {¶ 15} Returning to the issue presented, and per Hmidan, thequestion is whether Sheffield showed that the criminal attackagainst which he carried the gun to protect himself was bothspecific and immediate. The trial court rejected the contention,finding that the events his niece had experienced one week beforewere too remote to be immediate, and that their random naturerendered the danger involved non-specific as to Sheffield. Hiscontention on appeal is that the trial court's findings areagainst the manifest weight of the evidence.
 {¶ 16} A weight of the evidence argument challenges thebelievability of the evidence, and asks which of the competinginferences suggested by the evidence is more believable orpersuasive. State v. Hufnagle (Sept. 6, 1996), Montgomery App.No. 15562, unreported. The proper test to apply to that inquiryis the one set forth in State v. Martin (1983),20 Ohio App.3d 172, 175:
 {¶ 17} "[t]he court, reviewing the entire record, weighs theevidence and all reasonable inferences, considers the credibilityof witnesses and determines whether in resolving conflicts in theevidence, the jury lost its way and created such a manifestmiscarriage of justice that the conviction must be reversed and anew trial ordered." Accord: State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52.
 {¶ 18} Sheffield was no better protected from the randomgunshot violence his niece had experienced by driving through thearea with a gun in his vehicle that had he driven through thearea without a gun. Absent any showing that he or his vehiclewere specific targets of some anticipated immediate act ofviolence, Sheffield did not satisfy the standard for the R.C.2923.12(C)(2) affirmative defense that we articulated inHmidan. The trial court did not err when it rejectedSheffield's affirmative defense as unproven.
 {¶ 19} The assignment of error is overruled. The judgment ofthe trial court will be affirmed.
 Judgment affirmed.
 Fain, P.J. and Young, J., Concur.