*157
 
 Stewart, J.
 

 In this court the appellant, defendant in the trial court, relies on four alleged errors, stated in its brief as follows:
 

 “1. The Court of Common Pleas erred in refusing to set aside the general verdict of the jury rendered on the 14th day of April, 1949, and in refusing to enter final judgment for the defendant on the special findings of the jury in response to the interrogatories submitted by the defendant.
 

 “2. The Court of Common Pleas erred in refusing to accept the special findings of the jury returned into court with the general verdict in response to the interrogatories submitted by the defendant, and in sending the jury back for consideration of new interrogatories supplied by the court and in his instructions to the jury relating to the interrogatories returned with the general verdict.
 

 “3. The Court of Common Pleas erred in refusing to instruct the jury in writing before argument as requested by the defendant.
 

 “4. The Court of Common Pleas erred in refusing to submit to the jury, to be answered by them in the event they returned a general verdict, interrogatory No. 3 and interrogatory No. 4 requested by the defendant. ’ ’
 

 It appears from the record that as authorized by and in compliance with statutory requirements (Section 11420-17, General Code) defendant requested the court to submit to the jury for answer the following six interrogatories:
 

 “No. 1 — Do you find that the driver of the bus was negligent?”
 

 “No. 2 — If the answer to interrogatory No. 1 is (yes,’ of what did his negligence consist?”
 

 “No. 3 — Do you find that the plaintiff, Charles Daniel Bradley, was negligent in standing at the door of the bus while it was in motion ? ’ ’
 

 
 *158
 
 “No. 4 — If the answer to interrogatory No. 3 is ‘yes,’ do you find that such negligence was a direct cause of his injuries ? ’ ’
 

 “No. 5 — Do you find that the plaintiff, Charles Daniel Bradley, was negligent in any respect that was a direct cause of his injuries ? ’ ’
 

 “No. 6 — If the answer to interrogatory No. 5 is ‘yes,’ of what did his negligence consist?”
 

 Interrogatories Nos. 1, 2, 5 and 6 were submitted and Nos. 3 and 4 refused.
 

 The jury answered No. 1, “Yes.” The answer to No. 2 was, “Negligence on part of defendant that door of bus was accidentally opened.” No. 5 was answered, “Yes,” and No. 6, “We find plaintiff was negligent to a lesser degree than defendant, due to his position in bus. ’ ’
 

 After the court read the verdict and the answers to the interrogatories, the record shows the following transpired:
 

 “Court: Now, ladies and gentlemen, your answer to interrogatory number six is such that the court feels that this answer should be clarified by the jury. I am saying this because in my instructions to the jury I stated to you that in Ohio we do not apportion the negligence, in other words, we do not determine in a negligence case, if both parties were negligent, which is more negligent * * *. What I mean is we do not compare the negligence. Now I recognize none of you are trained in the law and it is the first case you have tried. I am not too sure that the language you have used is such that it calls for a clearer understanding of my previous instructions as to the position^ which this matter relates to the general verdict. You cannot take the negligence of one party and stand it off against another and then determine whether one party was more negligent than the other and return a verdict to the one who was less negligent. The negli
 
 *159
 
 gence of this plaintiff, if any, either existed or it didn’t; if you find that there was some negligence on plaintiff’s part which did not directly proximate or which did not contribute and co-operate in the slightest degree with the negligence of the defendant, he would still be entitled to recover, but if you think that he was negligent, plaintiff was negligent, and that his negligence co-operated with the defendant’s and contributed to the slightest degree in his injury, he cannot recover. Read my written instructions on this issue.
 

 “Now, you have returned a general verdict to the court in favor of the plaintiff. From that general verdict we are permitted to assume that you found the plaintiff not guilty of any negligence * * * or that plaintiff’s negligence was not the proximate cause of plaintiff’s injury.
 

 “You say in your answer to interrogatory number six, ‘that we find the plaintiff was negligent to a lesser degree.’ This answer is somewhat ambiguous to me because I charged you not to apportion negligence and it implies that you measured the negligence of the two and found one more negligent than the other and rendered a verdict in favor of the one less negligent.
 

 “I now ask you to return to your jury room and read my instructions and I will provide you with another copy of the interrogatory number six which you should answer in more detail.
 

 “Mr. Coleman: We didn’t understand interrogatory number five about the direct cause. Can we have number five back again?
 

 “Court: Yes, give them a copy of number five.
 

 “To this action and to the remarks and instructions of the court both parties object and their exceptions are noted.
 

 “Mr. Thomas: May the record also show that the defendant objects to the remarks made and the instructions given by the court to the jury on the answer to
 
 *160
 
 the interrogatory and further objects to the jury being returned for further consideration of the interrogatory and that the defendant further objects to the jury being supplied with a new form for further answer to interrogatory five and six.
 

 “The jury returned the two interrogatories into court and the answer to interrogatory number five was ‘No’ so the interrogatory number six was not answered. ’ ’
 

 In
 
 Anderson, Admx.,
 
 v.
 
 S. E. Johnson Co.,
 
 150 Ohio St., 169, 80 N. E. (2d), 757, the syllabus reads as follows :
 

 “1. Under the provisions of Section 11420-17, General Code, when either party requests it, the court shall instruct the jurors, if they render a general verdict, specially to find upon particular questions of fact, to be stated in writing, and shall direct a written finding thereon.
 

 “2. The purpose of these provisions is to elicit from the jury such special findings on particular questions of fact as will test the correctness of-the general verdict, if a general verdict is returned; and it is error to submit to the jury interrogatories which do not serve such purpose., (Paragraph two of the syllabus in the case of
 
 Cleveland & Elyria Electric Rd. Co.
 
 v.
 
 Hawkins,
 
 64 Ohio St., 391, approved and followed.)”
 

 The established rule in Ohio is that interrogatories, to be proper, must call for special findings on
 
 particular questions of fact
 
 of an ultimate and determinative nature — findings of such a character as will test the correctness of the general verdict returned and enable the court to determine as a matter of law whether such verdict shall stand.
 
 Schweinfurth, Admr.,
 
 v.
 
 C., C., C. & St. L. Ry. Co.,
 
 60 Ohio St., 215, 232, 54 N. E., 89, 94;
 
 Cleveland & Elyria Electric Rd. Co.
 
 v.
 
 Hawkins,
 
 64 Ohio St., 391, 397, 60 N. E., 558, 559; and 39 Ohio Jurisprudence, 1147, Section 418.
 

 
 *161
 
 Since questions of negligence and proximate cause are usually mixed ones of law and fact
 
 (Pennsylvania Co.
 
 v.
 
 Rathgeb,
 
 32 Ohio St., 66; 29 Ohio Jurisprudence, 697 and 742, Sections 196 and 207; Clark’s Summary of American Law, 54, Section 45), it was held improper to submit to a jury the following interrogatory standing alone:
 

 “Was the plaintiff negligent in any degree directly and proximately contributing to his accident and injuries?” See
 
 Brier Hill Steel Co.
 
 v.
 
 Ianakis,
 
 93 Ohio St., 300, 112 N. E., 1013.
 

 The answer to a question such as the one posed in the preceding paragraph would constitute merely a conclusion involving both law and fact. An interrogatory in a negligence action to be appropriate should be such as will elicit a statement of facts from which a conclusion of negligence or ho negligence may be drawn. A clear distinction exists then between an interrogatory the answer to which requires a bare finding of negligence, nonnegligence or proximate cause and an interrogatory which requires a
 
 statement of facts
 
 which the law denotes negligence or nonnegligence. See
 
 Board of Commissioners of Huntington County
 
 v.
 
 Bonebrake,
 
 146 Ind., 311, 318, 45 N. E., 470, 472, and
 
 Chicago & Northwestern Ry. Co.
 
 v.
 
 Dunleavy, Admx.,
 
 129 Ill., 132, 146, 22 N. E., 15, 18.
 

 However, in
 
 Davison
 
 v.
 
 Flowers,
 
 123 Ohio St., 89, 174 N. E., 137, this court approved, and with justification we believe, the submission of a preliminary interrogatory reading, “Was the defendant negligent?,” immediately followed by the further inquiry, “If your answer to * * * [such question] is yes, state of what that negligence consisted.” Obviously such second interrogatory necessitates the finding of a particular question of fact which is of an ultimate and determinative character and not merely of a probative or evidentiary nature.
 

 
 *162
 
 Since the decision in
 
 Davison
 
 v.
 
 Flowers, supra,
 
 this court has expressly approved the submission of a preliminary interrogatory respecting the negligence of a party when coupled with a further interrogatory calling for an answer stating the particular acts of commission or omission which the jury deems to have been negligence. As has been observed, such latter interrogatory demands an expression from the jury of an ultimate fact or facts which will test the correctness of the general verdict from a legal standpoint. See
 
 Masters
 
 v.
 
 New York Central Rd. Co.,
 
 147 Ohio St., 293, 70 N. E. (2d), 898, and
 
 Elio
 
 v.
 
 Akron Transportation Co.,
 
 147 Ohio St., 363, 71 N. E. (2d), 707. See, also,
 
 Klever
 
 v.
 
 Reid Bros. Express, Inc.,
 
 151 Ohio St., 467, 477, 86 N. E. (2d), 608, 613.
 

 The Supreme Court of Kansas has taken a like view of the matter. See
 
 Atcheson, Topeka & Santa Fe Ry. Co.
 
 v.
 
 Roth, Admr.,
 
 80 Kan., 752, 104 P., 849;
 
 Cole
 
 v.
 
 Atcheson, Topeka & Santa Fe Ry. Co.,
 
 92 Kan., 132, 139 P., 1177; and
 
 Eastman
 
 v.
 
 Atcheson, Topeka & Santa Fe Ry. Co.,
 
 102 Kan., 400, 171 P., 1.
 

 Logic supports the conclusion that it is improper to submit an interrogatory which merely inquires whether a party was negligent, but that such an interrogatory is proper if coupled with one which inquires, if the answer to the interrogatory as to negligence is in the affirmative, of what the negligence consisted.
 

 It is almost universal practice for a petition in a negligence case to contain an averment that defendant was negligent. If there were no further averments such petition would not constitute good pleading, but practically always after the averment of negligence are averments stating facts which it is claimed constitute such negligence, and in such case the petition, in that respect, is proper. Upon the same logical basis the coupled interrogatories to which we have referred are proper, and there is an additional reason for their
 
 *163
 
 propriety in that it is frequently difficult to combine the two interrogatories into one.
 

 Our conclusion, therefore, is that the trial court herein properly submitted to the jury interrogatories Nos. 1, 2, 5 and 6. Was there error in rejecting interrogatories Nos. 3 and 4?
 

 It was said in
 
 Gale
 
 v.
 
 Priddy,
 
 66 Ohio St., 400, 405, 64 N. E., 437:
 

 “This statute [now Section 11420-17, General Code] is identical with the statute of Indiana on the same subject and was adopted from, that state. * * *
 

 “When a statute is adopted from another state where it has received a settled construction, the presumption is that such construction was adopted and that the terms of the statute are used in the same sense.”
 

 Interrogatories similar in arrangement to No. 3 herein were before the court in the case of
 
 Toledo & Wabash Ry. Co.
 
 v.
 
 Goddard,
 
 25 Ind., 185, and at pages 191 and 192 this language appears:
 

 ‘ ‘ The court, at the request of the plaintiff, submitted to the jury the following special interrogatories, to which they returned the answers annexed:
 

 “ ‘Was not the defendant guilty of negligence in placing the freight car on the side track, on the street, thereby obstructing the same?’ To which the jui'y answered, ‘Yes.’
 

 ■“ ‘Was not the defendant guilty of negligence in not placing some visible signal at or near the southwest eorner of the woodshed, to indicate the approach of the backing train, to prevent collision?’ To which the jury answered, ‘Yes.’
 

 “These interrogatories, we think, should not have been submitted to the jury. * * * They were probably intended to be submitted under the last clause of Sec. 336 of the Code, 2 G. & H. 205 [now Section 2-2022, Burns’ Indiana Statutes], which provides that the court, ‘in all cases when requested by either party,
 
 *164
 
 shall instruct the jury, if they render a general verdict, to find specially upon particular
 
 questions of fad,
 
 to be stated in writing, [’] which special finding, is to be recorded with the verdict. These interrogatories do not conform to the statute. They do not ask the jury to find upon any particular questions of fact; they simply assume that certain facts existed, and ask the jury if they do not constitute negligence.
 

 “The question of negligence is ordinarily a mixed question of law and fact, but when the facts are found, then their legal consequences constitute purely a question of law for the court, and not for the jury.”
 

 Under authority of the above holding, interrogatory No. 3 was properly refused and,
 
 a fortiori,
 
 No,. 4. Compare
 
 Lewis
 
 v.
 
 C. M. & St. P. Rd. Co.,
 
 57 Iowa, 127, 10 N. W., 336, where an interrogatory resembling No. 3 in form was disapproved, because it did not call for a finding on a question of fact but “for the statement of a conclusion based upon facts. ’ ’
 

 The evidence was in dispute as to the particular place in the bus occupied by Charles Daniel Bradley and as to just what he was doing, and no interrogatory was directed to the jury for a finding upon those particular facts.
 

 Next, did the trial court err in directing the jury to reconsider its answer to interrogatory No. 6 and in allowing it also to reconsider the answer to No. 5?
 

 As was said in
 
 Anderson, Admx.,
 
 v.
 
 S. E. Johnson Co., supra,
 
 the purpose of the provisions of Section 11420-17, General Code, is to elicit from the jury such special findings on particular questions of fact as will test the correctness of the general verdict if a general verdict is returned. A general verdict was returned for the plaintiff in the instant case, and in answering interrogatories Nos. 5 and 6 the jury found facts which were inconsistent with the general verdict. However, the answers to the interrogatories were neither ambiguous nor uncertain. The answer to interrogatory
 
 *165
 
 No. 5 was “Yes,” which was a certain and clear finding that Charles Daniel Bradley was negligent in a respect which was a direct cause of his injuries. The answer to interrogatory No. 6 was “We find plaintiff was negligent to a lesser degree than defendant, due to his position in bus.”
 

 The jury evidently believed the testimony of the bus driver and found that the position of the plaintiff in the bus constituted negligence upon his part but that it was a lesser degree of negligence than that of the bus driver.
 

 It is true that we do not have the doctrine of comparative negligence in Ohio, but that does not make a finding, such as the one in the answer to interrogatory No. 6, either uncertain or ambiguous.
 

 It is also true that the answers to interrogatories Nos. 5 and 6 were not consistent with the general verdict, but if they had to be in order for the court to receive them, there would be no purpose in submitting interrogatories at all.
 

 We are of the opinion that the trial judge committed error when he told the jury that it should clarify its answer to interrogatory No. 6 and that, it having returned a general verdict in favor of the plaintiff, there was an assumption that the jury found the plaintiff not guilty of any negligence or that plaintiff’s negligence was not the proximate cause of plaintiff’s injuries, and when, after instructing the jury as he did, he asked it to return to its room, read his instructions and answer another copy of interrogatory No. 6 in more detail and, thereupon, upon request of a juror, gave the jury a copy of interrogatory No. 5 to be answered again.
 

 It would be difficult to conceive how a jury could be better coached or more definitely told how to answer interrogatories submitted to it so as to make the answers consistent with the general verdict.
 

 
 *166
 
 In the case of
 
 Elio
 
 v.
 
 Akron Transportation Co., supra,
 
 paragraphs two and three of the syllabus read:
 

 “2. A trial court has no authority to require a jury to revise or reframe its answer to an interrogatory when the intention of the jury may be obtained from the answer given. Such answers are to be construed liberally.
 

 “3. While a trial court may require the jury to answer proper interrogatories, such court may not indicate to the jury the answer to be returned. ’ ’
 

 It seems to us that not only did the trial judge in the instant ease authorize the jury to revise and reframe its answers to both interrogatories Nos. 5 and 6, when the intention of the jury was clearly ascertainable from the answers given, but also that the judge clearly indicated to the jury the answers to be returned when he sent the jury back to its room with fresh copies of the interrogatories.
 

 It could be strenuously argued that, since the original answers to interrogatories Nos. 5 and 6 were inconsistent with the general verdict, final judgment should be entered in favor of the defendant, Mansfield Rapid Transit, Inc., but it is our opinion that, since the jury finally returned answers to the interrogatories consistent with the general verdict, the case should be remanded to the Common Pleas Court for a new trial for the error of the trial court in directing and authorizing the jury to reconsider its answers to interrogatories Nos. 5 and 6.
 

 Finally, we come to the two special instructions which counsel for the defendant presented in writing before argument as provided by Section 11420-1 (5), General Code, with the request that they be given to the jury, and which instructions the court refused.
 

 It is apparent from the record that these instruc
 
 *167
 
 tions were requested separately and they are as follows :
 

 “No. 1. Even if you find that the driver of the bus was negligent, if you further find that the plaintiff, Charles Daniel Bradley, was also negligent, and that his own negligence contributed to the slightest degree to the proximate cause of his injuries, you are instructed that he cannot recover any damages in this action, and your verdict in that event must be in favor of the defendant. ’ ’
 

 “No. A You are instructed that the plaintiff, Charles Daniel Bradley, was required to exercise that degree of care which children of the same age, education and experience, of ordinary care and prudence, are accustomed to exercise under the same or similar circumstances, and if you find that he failed to do so, you are instructed that he was negligent, and if you find that such negligence contributed in the slightest degree to the proximate cause of his injuries, you are instructed he cannot recover any damage in this action, and your verdict in that event must be in favor of the defendant. ”
 

 The majority of the Court of Appeals held that these instructions were properly refused, because the first “is an abstract proposition of law” and was incomplete in failing to include any mention of the age of plaintiff and the degree of care which a child of that age must exercise, and that the second “presupposed negligence on the part of the defendant-appellant.” The dissenting judge was of the view that both instructions stated correct propositions of law relevant to issues raised by the evidence and should have been given.
 

 It is firmly settled by the decisions of this court that in civil actions the trial court, upon request, is obliged to give a written instruction before argument, which correctly states the law applicable and pertinent to one
 
 *168
 
 or more of the issues of the case and upon a subject which has not been covered by other charges before argument. And this is true even though the language of the requested charge is not in the precise words the court would have chosen and even though the phraseology might be improved upon. See
 
 Chesrown
 
 v.
 
 Bevier,
 
 101 Ohio St., 282, 128 N. E., 94;
 
 Payne, Dir. Genl.
 
 v.
 
 Vance,
 
 103 Ohio St., 59, 133 N. E., 85; and 39 Ohio Jurisprudence, 1024, Section 310.
 

 Stating the proposition a little differently, where an accurate statement of law is embodied in a timely requested written charge and such charge is pertinent to issues raised and applicable to the particular state of facts to which it is intended to apply, a mandatory duty devolves upon the court to give it in the form tendered. See
 
 Pennsylvania Co.
 
 v.
 
 Loftis,
 
 72 Ohio St., 288, 298, 74 N. E., 179, 182, 106 Am. St. Rep., 597, 603, 3 Ann. Cas., 3;
 
 Washington Fidelity National Ins. Co.
 
 v.
 
 Herbert,
 
 125 Ohio St., 591, 183 N. E., 537; and 39 Ohio Jurisprudence, 1042, Section 319.
 

 It is equally true that a court should not give before argument a special instruction which states merely an abstract proposition of law. What is an “abstract instruction?” As ordinarily understood such term means an instruction which does not apply a germane principle of law to the facts of the case being tried or means an instruction dealing in generalities and not linked to the parties and connected with the issues in the particular case. See 53 American Jurisprudence, 451, Section 573.
 

 In
 
 Gilliam
 
 v.
 
 State,
 
 50 Ala., 145, 146, the court said:
 

 “Charges are abstract when they assert propositions of law not legitimately arising out of the testimony itself, or the inferences deducible therefrom. * * * But a charge is never abstract, when there is evidence in the case sufficient, if believed by the jury, to afford a
 
 *169
 
 field for the operation of the principles of law enunciated in the instructions asked.”
 

 Again, in
 
 Godvig
 
 v. Lopez, 185 Ore., 301, 202 P. (2d), 935, the court defined an abstract instruction as one which broadens the issues beyond the scope of the pleadings or beyond the scope of the evidence and thus directly or impliedly submits to the jury questions not properly before it.
 

 In the instant case, the two special instructions requested were correct in substance and pertinent to issues raised by the evidence. Besides, in their phraseology, they were tied to the parties in the action and were sufficiently complete on the subjects they purported to cover.
 

 In our opinion these instructions should have been given and under the authorities cited above their refusal constituted reversible error.
 

 For the reasons given in this opinion, the judgment of the Court of Appeals is reversed and the cause remanded to the Court of Common Pleas for further proceedings.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Hart and Turner, JJ., concur.
 

 Zimmerman, J., concurs in paragraphs one, two, three and five of the syllabus and in the judgment.
 

 Taft, J., concurs in the syllabus and judgment.