BOLLING, ADMX., APPELLEE, *v.* GOETZ, APPELLANT.

[Cite as Bolling v. Goetz, 4 Ohio App. 2d 379.]

(No. 9439—Decided May 20, 1964.)

*Messrs. Pogue, Helmholz, Culbertson & French, Mr. Edward J. Utz, Messrs. Cors, Hair & Hartsock* and *Mr. Irving Harris,* for appellee.

*Mr. Milton M. Bloom* and *Mr. Gordon C. Greene,* for appellant.

COLLIER, J. This action for wrongful death was instituted in the Common Pleas Court of Hamilton County by Margaret B. Bolling, administratrix of the estate of Woodson E. Bolling, deceased, as plaintiff, against Carl William Goetz, as defendant. The parties will be designated herein as they appeared in the Common Pleas Court.

The action arose as a result of a collision that occurred about 5:30 p. m. on February 9, 1960, between a 1955 Chevrolet automobile, owned and being driven by plaintiff's decedent, and a 1950 Ford truck, operated by the defendant, at the intersection of the Lawrenceburg Road and route No. 50 in Hamilton County. Plaintiff's decedent was traveling in a northerly direction on the Lawrenceburg Road and the defendant was driving the truck in an easterly direction on route No. 50. Traffic at the intersection was controlled by six signal lights at the time of the collision.

The issues, joined by plaintiff's petition, the answer thereto and defendant's cross-petition and the answer thereto, were submitted to the jury. A verdict was returned in favor of the defendant on the petition and in plaintiff's favor on the cross-petition. Plaintiff's motion for a new trial was overruled and this appeal on questions of law followed.

The errors complained of in the trial of the case are: 1. The trial court committed error, prejudicial to the plaintiff, in refusing to charge the jury concerning defendant's liability for operating his vehicle with defective and inadequate brakes. 2. The trial court committed error, prejudicial to the plaintiff, in refusing to charge the jury concerning defendant's liability for failing to comply with the speed requirements of the Ohio Revised Code. 3. The trial court committed error, prejudicial to the plaintiff, in charging the jury that there was no evidence that the defendant was operating his vehicle at a speed that was greater than that which is provided by law. 4. The trial court committed error, prejudicial to the plaintiff, in its charge respecting presumptions of negligence and the burden of proof. 5. The trial court committed error, prejudicial to the plaintiff, in submitting to the jury the special charges requested on behalf of defendant. 6. Other errors apparent on the face of the record.

After a careful examination of the entire record we con-

sider it necessary to discuss only the first and fifth assignments of error. Under the first assignment of error, the plaintiff claims that the court erred in refusing to charge the jury on defendant's liability for operating the truck with defective and inadequate brakes. The fourth specific act of negligence alleged in plaintiff's petition is that the defendant was operating the truck with brakes that were inadequate to control the movement of and to stop and hold the truck under existing conditions. The only direct evidence to establish this alleged act of negligence is the following testimony of deputy Richard J. Taft:

"Q. As a part of your investigation, officer, did you have occasion to inspect the one-ton stake Ford? A. I did.

"Q. Tell the members of the jury what you did and what you found. A. There's a procedure. We check the safety equipment on the vehicles, such as brakes, lights, turn signals, steering. On checking the truck I found that when you applied pressure to the brake pedal, the brake pedal would go completely to the floor board.

"Q. How often did you try that, officer? A. After applying the pressure the first time, the brake pedal went to the floor board. I then pumped the brakes, at which time the brake pedal would build up pressure, and the brake pedal would then stay away from the floor board. I would then—I would release the pressure on the pedal, wait for approximately ten, fifteen seconds, apply pressure again, at which time the pedal would go to the floor. Then I would go through the process of pumping again to see if they would build up again.

"Q. Could you determine, officer, whether or not the condition you found existed before or after this accident?

"* * *

"A. Yes, sir.

"Q. I'll ask you to state, sir, whether it did or did not exist before this accident. A. It did."

This witness also testified on direct examination:

"Q. Prior to your employment as a member of the Hamilton County Sheriff's office what was your employment? A. My employment was tool and die making and also working in a garage as automobile repair mechanic and various automobile jobs.

"Q. Following your employment by the Hamilton County Sheriff's office state whether or not you've continued your interest in mechanics, in automobile mechanical repairs. A. I have."

In the general charge, the court ignored this allegation of negligence in plaintiff's petition, except in defining the issues to say: "that the defendant Ford truck was not equipped with adequate brakes." The record shows that at the close of the general charge, counsel for plaintiff requested the court specifically to charge on the statutory requirements of brakes on automobiles on the highway, which request was refused.

Section 4513.20, Revised Code, provides:

"The following requirements govern as to brake equipment on vehicles:

"(A) Every * * * motor vehicle * * * when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and hold such * * * motor vehicle, including two separate means of applying the brakes, each of which means shall be effective to apply the brakes to at least two wheels * * *.

"* * *

"(H) All brakes shall be maintained in good working order and shall be so adjusted as to operate as equally as practicable with respect to the wheels on opposite sides of the * * * vehicle."

The evidence shows that at the time of this collision it was raining and that the road was wet and slippery, and that just prior to the impact, the defendant's truck turned sharply to the right and across a concrete island in the Lawrenceburg Road dividing northbound and southbound traffic thereon. It is only when there is no substantial evidence of an alleged fact or no evidence upon which a reasonable inference may be predicated to support such allegation that such allegation may be withdrawn from consideration of the jury. In legal effect, this specific allegation of negligence was withdrawn from the jury when the court refused to instruct the jury on the statutory requirements of brakes on motor vehicles.

The record contains other evidence tending to prove the fact that the truck was adequately equipped with proper brakes, but this conflicting testimony presented an issuable fact for the jury to determine. In our opinion, reasonable minds could

reach different conclusions on this issue of fact. 39 Ohio Jurisprudence 2d 839, Section 203, in part, reads:

"* * * In a negligence case where conflicting evidence from apparently credible witnesses is introduced, it is of prime importance that the court charge fully and correctly upon all the rules of law necessary to guide the jury in arriving at a proper verdict."

The plaintiff was entitled to a full and correct charge on this alleged ground of negligence and the court's failure to comply with plaintiff's request to do so constitutes reversible error.

For her fifth assignment of error, the plaintiff claims that the court committed error in submitting to the jury four specific charges requested by the defendant. The first special charge reads:

"I charge you that if you find from a predonderance of the evidence in this case that Woodson Bolling was guilty of any negligence which directly contributed to the injuries and/or death of which there is complaint, there can be no recovery from the defendant.

"This rule grows out of the doctrine that a party who has directly by his own negligence or disregard of duty contributed to bring about an injury upon himself cannot hold other parties, who have also contributed to the same, responsible for any part thereof, nor does it make any difference that one of the parties contributed in greater degree than the other; the injured party must not have contributed at all."

The principal complaint of the plaintiff is directed to the use of the language, "any negligence which directly contributed to the injuries and/or death," and, "the injured party must not have contributed at all."

In 39 Ohio Jurisprudence 2d 627, Section 87, the case law in Ohio on this question is very well annotated. In the case of *Chesrown* v. *Bevier,* 101 Ohio St. 282, the court expressed a preference for the use of the adjective, "any," rather than "slightest," but held that a charge employing the term, "slightest," correctly stated the law. Although this ruling was subject to criticism in many Courts of Appeals' decisions, it was generally accepted and followed until the decision in the case of *Reep* v. *Greyhound Corp.,* 171 Ohio St. 199. In a *per curiam* decision in that case, the court said:

"The principal point of attack in both these charges is the use of the phrase, 'in the slightest degree.' and it is argued that this phrase is particularly vicious when used in conjunction with the phrase, '*guilty of* negligence,' the use of which we agree was unfortunate. In fact, in spite of some of. the previous pronouncements of this court, a majority of our members are of the opinion that the use of the phrase, 'in the slightest degree,' in connection with contributory negligence in a charge to a jury constitutes error.''

We are unable to make any real distinction in the use of the term, ''any negligence,'' and employing the term, ''in the slightest degree,'' especially when either term is followed by the statement that the injured party must not have contributed *at all.* In view of the expression of the Supreme Court in the *Reep case* that the use of such a phrase in connection with contributory negligence in a charge to the jury constitutes error, we are impelled to the conclusion that the court erred in giving the first special charge requested by the defendant.

We have considered all the assignments of error, including an examination of the other three special charges given by the court, but find no error except the court's refusal to comply with plaintiff's request to instruct the jury on the liability of the defendant in the operation of the Ford truck without being equipped with adequate brakes and in giving the special charge No. 1, requested by the defendant.

The judgment will be, and hereby is, reversed and this cause will be remanded to the Common Pleas Court for a new trial.

*Judgment reversed.*

HUNSICKER, P. J., and DOYLE, J., concur.

COLLIER, J., of the Fourth Appellate District, and HUNSICKER and DOYLE, JJ., of the Ninth Appellate District, sitting by designation in the First Appellate District.