192

BAHM, APPELLANT, *v.* THE PITTSBURGH & LAKE ERIE RD. CO.,
APPELLEE.

(No. 39756—Decided May 25, 1966.)

193

*Messrs. Manchester, Bennett, Powers & Ullman* and *Mr. John F. Elsaesser,* for appellant.

*Mr. Jack C. Harris* and *Mr. Jerry O. Stephens,* for appellee.

MATTHIAS, J. The sole question presented in this case is whether inclusion of the words, "in any degree," in a charge on contributory negligence constitutes prejudicial error. The problem is not novel in Ohio or elsewhere, and there is abundant authority among the various jurisdictions for almost every conceivable disposition of this case. See 87 A. L. R. 2d 1391.

The law in Ohio has itself vacillated in this area. Thus, in *Schweinfurth, Admr., v. C., C., C. & St. L. Ry. Co.,* 60 Ohio St. 215, this court held that it was not error to refuse such a charge containing the words, "in any degree, or in any way"; and in *Wellston Coal Co.* v. *Smith,* 65 Ohio St. 70, at page 80, this court held a similar charge containing the words, "in the slightest degree," erroneous.

However, this court reversed itself without the citation of any authority and without overruling either the *Schweinfurth case* or the *Wellston Coal Co. case* in *Chesrown* v. *Bevier,* 101 Ohio St. 282. There, the court, at page 284, simply found that special charge No. II, pertaining to the issue of contributory negligence and containing the words, "in the slightest degree," was "a correct statement of the law." This ruling was followed for many years. See paragraph three of the syllabus in *Bartson* v. *Craig, an Infant,* 121 Ohio St. 371, and *Bradley, an Infant,* v. *Mansfield Rapid Transit, Inc.,* 154 Ohio St. 154, 167, 169.

The Court of Appeals in the instant case followed the holding of *Chesrown, supra,* without seriously considering the recent case of *Reep* v. *Greyhound Corp., Eastern Greyhound Lines Div.,* 171 Ohio St. 199, wherein this court cast doubt upon the *Chesrown* decision by stating at page 200;

"* * * in spite of some of the previous pronouncements of this court, a majority of our members are of the opinion that the use of the phrase, 'in the slightest degree,' in connection with contributory negligence in a charge to a jury constitutes error."

A court in considering the propriety of any jury instruction must always bear in mind that the purpose of the jury instruction is to clarify the issues and the jury's position in the case. It must be remembered that juries are composed of ordinary men on the street, not trained grammarians, and that fine distinctions in the meaning of words or phrases are not ordinarily recognized by the average layman. Thus, in considering the propriety of any instruction, the meaning of the words used in the instruction must be thought of in their common meaning to the layman and not what such words mean to the grammarian or the trained legal mind.

There is very little, if any, difference in the common-sense meaning of the phrases, "in the slightest degree," as used in the *Chesrown case* and, "in any degree," as used in the instant case. Certainly the former would include the latter and neither would involve a less degree. In the context with which we are here concerned, the phrases are synonymous and will be so considered throughout this opinion. It might be noted at this point that the judges of the Courts of Common Pleas recognize in their own publication of jury instructions the impropriety of the use of the phrases, "in any degree," or, "in the slightest degree," in a charge in relation to contributory negligence. (The Ohio Jury Instructions, published by the Ohio Common Pleas Judges Association, 2 Ohio Jury Instructions, Civil, 9.10.)

In the case at hand, the words in the special charge under consideration, "in any degree," clearly modify, "directly and proximately contributed." The inconsistency is obvious to the trained legal mind. Contributory negligence is not a defense in an ordinary tort action unless that negligence is a direct and proximate cause of the injury received. Seen in this light, insertion of the phrase, "in any degree," is calculated to misrepresent the causal relationship necessary between the alleged contributory negligence of the plaintiff and the injury of which he complains. The use of such phrase would confuse rather than

clarify the issues for the jury for it tends to induce it to forget that, for contributory negligence to defeat the claim of the plaintiff, there must be not only negligent conduct by the plaintiff but also a direct and proximate causal relationship between the negligent act and the injury plaintiff received. The special charge, as given, does not require a direct and proximate causal relationship between the contributory negligence and the injuries complained of, and for this reason insertion of the phrase, "in any degree," constitutes prejudicial error requiring a reversal.

This alone would ordinarily conclude the disposition of this case. However, we find the instruction requested herein fraught with the danger of ambiguity and are disposed to rule on more than just one aspect of it in order that there will no longer be any question as to its impropriety.

The *Reep case, supra,* held that "use of the phrase, 'in the slightest degree,' in connection with contributory negligence in a charge to a jury constitutes error." This is so because the doctrine of comparative negligence has no application in Ohio except by virtue of the provisions of Section 4113.07, Revised Code, in connection with that class of cases brought by an employee against his employer. Thus the essential element of contributory negligence (other than proximate causation) requisite to bar recovery by the plaintiff is not the comparative extent or degree of negligence, but the existence of negligence itself, for negligence by its very terms either does exist or does not exist. Therefore, a use of the phrase, "in any degree," intended to modify contributory negligence in a charge to a jury constitutes prejudicial error inasmuch as it tends to confuse a jury and invite a comparison of the relative amount of negligence attributable to the parties involved. (An example of the confusion attendant upon the term, "in the slightest degree," is apparent from an examination of *Bradley, an Infant,* v. *Mansfield Rapid Transit, Inc., supra* [154 Ohio St. 154], wherein the jury answered an interrogatory by apportioning negligence even though the general charge of the court expressly forbade such apportionment.) In so holding, we approve *Schweinfurth, Admr.,* v. *C., C., C. & St. L. Ry. Co.,* 60 Ohio St. 215, and expressly overrule that portion of *Chesrown*

v. *Bevier,* 101 Ohio St. 282, finding special charge No. II
to be a correct statement of the law; paragraph three of the
syllabus in *Bartson* v. *Craig, an Infant,* 121 Ohio St. 371; and
that part of *Bradley, an Infant,* v. *Mansfield Rapid Transit,
Inc.,* 154 Ohio St. 143, concerning special charges Nos. 1 and 2
so far as the phrase, "in the slightest degree," is used; so that
the doubt evidenced by the Court of Appeals in the instant case
will no longer remain.

In so holding we are aware of our decision in *Lackner* v.
*Burns,* 175 Ohio St. 469. That case is in no manner incon-
sistent with our decision today for the question we decide here
was not raised by either party and was not necessary to affirm
the verdict and judgment plaintiff there received in the trial
court. Further, this court called attention to the *Reep case,
supra,* in the body of its opinion in the *Lackner case* in order to
specifically demonstrate its adherence to that reasoning.

In conclusion we hold that the phrase, "in any degree," or
the phrase, "in the slightest degree," constitutes prejudicial
error to the plaintiff when used in connection with the charge
to the jury respecting contributory negligence. We further
agree with our reasoning in the *Reep case, supra,* that the
phrase, *"guilty* of negligence," in a charge to a jury is indeed
unfortunate and. should be avoided.

An example of a *partial* proper charge to replace the *par-
tial* special charge herein held erroneous follows:

If you find from all the evidence in this case that plaintiff
was negligent and that such negligence was a direct and proxi-
mate cause of the accident and injuries of which plaintiff com-
plains, your verdict should be for defendant.

For the reasons given in this opinion, the judgment of the
Court of Appeals is reversed and the cause remanded to the
Court of Common Pleas for further proceedings according to
law.

*Judgment reversed.*

ZIMMERMAN, O'NEILL, HERBERT, SCHNEIDER and DUFFY, JJ.,
concur.

DUFFY, J., of the Tenth Appellate District, sitting for
BROWN, J.

TAFT, C. J., dissenting. In *Chesrown* v. *Bevier* (1920), 101 Ohio St. 282, 128 N. E. 94, this court held it error to refuse a special request to charge that "no recovery can be had for injuries from defendant's negligence when it appears that plaintiff's own negligence directly contributed in the slightest degree to the injuries complained of." In doing so, it was stated in the opinion (284):

"* * * We prefer the word 'any' to the words 'the slightest.'"

Although such a charge as approved in *Chesrown* is technically correct, the use of the words "the slightest" may tend to mislead a jury. Experience has demonstrated that they have been used for that purpose. This court expressly disapproved their use in *Reep* v. *Greyhound Corp.* (1960), 171 Ohio St. 199, 168 N. E. 2d 494.

However, I do not believe use of the word "any," as suggested by the opinion in *Chesrown* v. *Bevier, supra* (101 Ohio St. 282), would have such a tendency to mislead.

Certainly, there may be negligence of more than one defendant that proximately causes injuries to a plaintiff. If there is, each defendant whose negligence is a proximate cause will be liable in the absence of contributory negligence. In such instance, the jury should not be permitted to hold one defendant and excuse the other because it believes the negligence of the one proximately contributed in a greater degree than did the negligence of the other. It is therefore proper to charge it that each defendant is liable if his negligence proximately (or directly) contributed in any degree to the injuries found.

Likewise, it is elementary that a plaintiff cannot recover for a defendant's negligence if that plaintiff's negligence proximately (or directly) contributed in any degree to the plaintiff's injuries and I see no reason why it is improper to so charge the jury.

The defect in the charge disapproved in *Schweinfurth, Admr.,* v. *C., C., C. & St. L. Ry. Co.* (1899), 60 Ohio St. 215, 54 N. E. 89, as appears from paragraph two of its syllabus, was that the word "contributed" was not, as in the instant case, preceded by either "directly" or "proximately."

The same may be said of the charge disapproved of in

198

*Wellston Coal Co.* v. *Smith* (1901), 65 Ohio St. 70, 61 N. E. 143, and the charge which I criticized in my concurring opinion in *Bradley, an Infant,* v. *Mansfield Rapid Transit, Inc.* (1950), 154 Ohio St. 154 at 173, 93 N. E. 2d 672.