MYERS *v.* LAWSON MILK Co.

(No. 251023—Decided June 27, 1966.)

Common Pleas Court of Summit County.

*Mr. Randy C. Norris,* for plaintiff.
*Mr. Joseph S. Wise,* for defendant.

HODDINOTT, J. (Sitting by assignment from Monroe County). The plaintiff, Judith Myers, was the driver of an automobile which followed the defendant's tractor-trailer up a long hill. At the top, she turned into the left lane in order to pass, but went into the opposite ditch where her automobile was wrecked and she received the injuries of which she complains. There was no contact between the vehicles of the parties. The evidence was conflicting as to whether the defendant's driver was negligent. The jury returned a verdict for the defendant.

The plaintiffs claim the court committed error in giving a special instruction to the jury requested by the defendant and refusing to give another requested by the plaintiff.

The jury was charged as follows:

"If you find from the evidence that both the Lawson

Milk Company and Judith Myers were negligent in the operation of their respective vehicles, and that the negligence of each proximately contributed *to some extent* to cause the accident which occurred, your verdict must be for the defendant, without respect to the degree or amount of negligence of either.'' (Emphasis added.)

The plaintiffs object to the words ''to some extent'' which follow the words ''proximately contributed.'' They rely upon *Bahm* v. *The Pittsburgh & Lake Erie Rd. Co.* (1966), 6 Ohio St. 2d 192, in which the trial court gave a special charge as follows:

''The court says to you, members of the jury, as a matter of law that there may be more than one direct and proximate cause of the accident. If you find from all the evidence in this case that plaintiff, Roger J. Bahm, was guilty of negligence which directly and proximately contributed *in any degree* to bring about the accident and injuries of which plaintiff complains, there can be no recovery for this plaintiff * * *'' (Emphasis added.)

The court held in the syllabus:

''Use of the phrase, 'in the slightest degree,' or the phrase, 'in any degree,' in connection with contributory negligence in a charge to a jury constitutes prejudicial error whether the phrase pertains to the issue of proximate cause or the issue of negligence itself * * *''

The majority opinion says, 6 Ohio St. 2d at 194:

''In the case at hand, the words in the special charge under consideration, 'in any degree,' clearly modify, 'directly and proximately contributed.' The inconsistency is obvious to the trained legal mind. Contributory negligence is not a defense in an ordinary tort action unless that negligence is a direct and proximate cause of the injury received. Seen in this light, insertion of the phrase, 'in any degree,' is calculated to misrepresent the causal relationship necessary between the alleged contributory negligence of the plaintiff and the injury of which he complains. The use of such phrase would confuse rather than clarify the issues for the jury for it tends to induce it to forget that, for contributory negligence to defeat the claim of the plain-

tiffs, there must be not only negligent conduct by the plaintiff but also a direct and proximate causal relationship between the negligent act and the injury plaintiff received. The special charge, as given, does not require a direct and proximate causal relationship between the contributory negligence and the injuries complained of, and for this reason insertion of the phrase, 'in any degree,' constitutes prejudicial error requiring a reversal.

"This alone would ordinarily conclude the disposition of this case. However, we find the instruction requested herein fraught with the danger of ambiguity and are disposed to rule on more than just one aspect of it in order that there will no longer be any question as to its impropriety.

"The *Reep case, supra,* held that 'use of the phrase, "in the slightest degree," in connection with contributory negligence in a charge to a jury constitutes error.' This is so because the doctrine of comparative negligence has no application in Ohio except by virtue of the provisions of Section 4113.07, Revised Code, in connection with that class of cases brought by an employee against his employer. Thus the essential element of contributory negligence (other than proximate causation) requisite to bar recovery by the plaintiff is not the comparative extent or degree of negligence, but the existence of negligence itself, for negligence by its very terms either does exist or does not exist. Therefore, a use of the phrase, 'in any degree,' intended to modify contributory negligence in a charge to a jury constitutes prejudicial error inasmuch as it tends to confuse a jury and invite a comparison of the relative amount of negligence attributable to the parties involved. * * *' "

Since the language of the special charge in the *Bahm case* is considerably different from that of the case at bar, the latter should be closely scrutinized to determine if it violates the principles set forth by the Supreme Court of Ohio. In an annotation, "Propriety and prejudicial effect of instructions referring to the degree or percentage of contributory negligence necessary to bar recovery," 87 A. L. R. 2d 1391, 1434, the following appears in Section 10:

"The general rules concerning the propriety and prejudicial effect of instructions referring to degrees or percentages of contributory negligence, have been discussed in Sections 3-9, *supra*. These broad principles do not seem to have been in serious dispute in most of the relevant cases. At issue, oftener than not, is the more detailed question whether a particular instruction actually does make improper reference to degrees or percentages of contributory negligence. In answering this question, the courts have rarely found it helpful to consult any but their own authorities, and in many instances find these of little assistance in view of the wide diversity of wording and construction in the particular charges presented for decision. It is stating little more than the obvious, then, to observe that the propriety of any given instruction will depend on its exact wording and the context in which it was given, considered against the background of the previous instructions approved and disapproved in the jurisdiction in which the issue is presented."

The words in the charge of the case at bar, "proximately contributed to some extent," do not in the words of the *Bahm case* "misrepresent the causal relationship," or "confuse rather than clarify the issues," or tend to induce the jury to forget there must be a proximate causal relationship, or remove the requirement of such a relationship. Rather, the words "to some extent" carry on and clarify the idea of "contribute." This court followed the usual practice in instructing the jury to consider the issue of contributory negligence only if they first found the defendant was negligent and its negligence was a proximate cause. The words "proximately contributed to some extent" simply make it clear to the jury that plaintiff's negligence does not have to be the entire proximate cause to entitle the defendant to a verdict.

The Supreme Court said that the words in the *Bahm case*, "in any degree," tend to invite a comparison of the relative amount of each party's negligence. Under Ohio law there is no doctrine of comparative negligence. A party is either negligent or not negligent. The words in the case at bar cannot reasonably be said to confuse the jury.

Moreover, the jury was explicitly instructed not to compare negligences by the words "without respect to the degree or amount of negligence of either."

In *Reep* v. *Greyhound Corp., Eastern Greyhound Lines Div.* (1960), 171 Ohio St. 199, the court held that even though the words "in the slightest degree," in a charge constituted error, it was not prejudicial error under the circumstances of the case. The *Bahm case* does not modify this rule. Considering the evidence of the case at bar, this court finds that the plaintiffs were not prejudiced even if the special instruction were erroneous, which it was not.

Plaintiffs also claim error in the court's refusal to grant their request to give the following special instruction:

"You are instructed as a matter of law that although attorneys are permitted a wide latitude in cross examination to lay a foundation for impeachment of a witness, a witness or party is not impeached by innuendo or inference where a prior out of court statement is attributed to such witness which is denied.

"You are admonished to disregard altogether anything of this nature and not to consider the question of said attorney in any respect."

The request was properly refused because the proposed instruction contains merely an abstract proposition of law. In *Bradley* v. *Mansfield Rapid Transit, Inc.* (1950), 154 Ohio St. 154, 168, the Supreme Court said:

"It is equally true that a court should not give before argument a special instruction which states merely an abstract proposition of law. What is an 'abstract instruction?' As ordinarily understood such term means an instruction which does not apply a germane principle of law to the facts of the case being tried or means an instruction dealing in generalities and not linked to the parties and connected with the issues in the particular case." See 53 American Jurisprudence, 451, Section 573.

The requested instruction relates merely to conduct of counsel and not to the facts and issues of the case. It was properly refused.

Plaintiffs' motion for a new trial should be overruled.