MYERS ET AL., APPELLANTS, *v.* THE LAWSON MILK CO., APPELLEE.

[Cite as Myers v. Lawson Milk Co., 9 Ohio App. 2d 221.]

(No. 5830—Decided February 15, 1967.)

*Mr. R. C. Norris* and *Mr. Elmer D. Fry,* for appellants.
*Mr. Joseph S. Wise,* for appellee.

HUNSICKER, J. An appeal on questions of law has been lodged in this court from a judgment rendered on the verdict of a jury. That verdict was in favor of the defendant, The Lawson Milk Company (appellee herein), one of whose trucks was charged with forcing Judith Myers off a public highway while she was in the act of driving her automobile past the milk truck.

Mrs. Myers says the trial court committed prejudicial error:

"1. (a) In failing to withdraw from the consideration of the jury the suggestion of defense counsel concerning a purported statement against interest by plaintiff in the hospital record.

"(b) In failing to give the tendered special instruction on the same subject.

"2. In giving defendant's special instruction on contributory negligence."

The evidence is in great conflict; even as to the nature of the weather of the day, the condition of the roadway, and the presence of snow by the side of the road. There was no contact between the Myers automobile and the Lawson truck. Mrs. Myers claims that, after she gave a signal of her intention to pass the truck, that vehicle, without any warning, pulled into her lane of travel to pass an automobile which was immediately ahead of the truck. This act, she says, on the part of the Lawson driver, forced her, in seeking to avoid a collision, to slide off the roadway into a culvert, causing her severe and permanent injuries. The Lawson driver said that he did not deviate from his side of the highway, but that as Mrs. Myers got to the rear end of the truck her automobile suddenly went off the road.

The jury accepted the view given by the defendant, and rendered a unanimous verdict for The Lawson Milk Company. It is to reverse that judgment that this appeal is prosecuted by Mrs. Myers.

In the course of cross-examination, counsel for Lawson sought to elicit from Mrs. Myers, and the medical witness, whether she (Mrs. Myers) had said, in giving, at the hospital, a history of the occurrence, that she had lost control of her vehicle while in the act of attempting to pass the milk truck. Mrs. Myers denied she made such a statement, and the doctor denied he had heard such a statement, although it was on the first page of the hospital report.

The trial court deleted the statement from the exhibit before it was admitted into evidence; told the jury, at the time of interrogation, they should not infer any matter from questions not answered; and reiterated such admonishment in the general instructions to the jury.

Mrs. Myers says that the court should have given the following requested instruction before oral argument:

"You are instructed as a matter of law that although attorneys are permitted a wide latitude in cross-examination to lay a foundation for impeachment of a witness, a witness or party is not impeached by innuendo or inference where a prior out of court statement is attributed to such witness which is de-

nied. You are admonished to disregard altogether anything of this nature and not to consider the question of said attorney in any respect."

This case is not like *Green* v. *City of Cleveland*, 150 Ohio St. 441, for in that case the statement was given in evidence. In the instant case, it was deleted from the admitted exhibit, and an oral denial that any such statement was made was testified to by the parties interrogated. This requested instruction was properly refused because it was not pertinent to one of the issues in the action. Not every written requested instruction must be submitted, but only those that are "linked to the parties to the action * * *which correctly states the law applicable and pertinent to one or more of the issues of the case and upon a subject which has not been covered by other special instructions before argument * * *." *Bradley* v. *Mansfield Rapid Transit, Inc.*, 154 Ohio St. 154. See, also, *Shellock* v. *Klempay Brothers*, 167 Ohio St. 279, at 285.

This court, in *Pickering* v. *Cirell*, 72 Ohio Law Abs. 51, said (quoting *Washington Fidelity National Ins. Co.* v. *Herbert*, 125 Ohio St. 591) that a written request to instruct the jury before argument must be given "provided the same be a correct statement of the law, pertinent to one or more issues and applicable to evidence adduced in the case."

The requested instruction was not related to any issue in the case, but was a general, abstract statement of the law. No error intervened in refusing to read that instruction.

Mrs. Myers says that a written requested instruction before argument, given at the suggestion of the appellee, was erroneous. That instruction is as follows:

"If you find from the evidence that both the Lawson Milk Company and Judith Myers were negligent in the operation of their respective vehicles, and that the negligence of each proximately contributed to some extent to cause the accident which occurred, your verdict must be for the defendant, *without respect to the degree or amount of negligence of either*." (Emphasis ours).

Until recently there had been considerable confusion as to the use of such phrases as "in the slightest degree"; "any negligence"; or similar language which tended, by qualification, to reduce to a minimum, or to the vanishing point, the negligent

conduct of parties claimed to have engaged in acts contributing proximately to their own injury.

This court, in the case of *Bolling, Admx., v. Goetz*, 4 Ohio App. 2d 379, condemned the use of the qualifying phrase "any negligence" in a requested special instruction on contributory negligence.

In *Bahm v. Pittsburgh & Lake Erie Rd. Co.*, 6 Ohio St. 2d 192, the Supreme Court of Ohio said:

"Use of the phrase, 'in the slightest degree,' or the phrase, 'in any degree,' in connection with contributory negligence in a charge to a jury constitutes prejudicial error whether the phrase pertains to the issue of proximate cause or to the issue of negligence itself. * * *"

The phrase "to some extent" relates to the phrase "the negligence of each proximately contributed." The word "some" is defined in Webster's Third New International Dictionary as "3. Worthy of notice or consideration; far from negligible; more or less important or striking." The use of the word "some," in such a context, is not to be considered prejudicial; however, the effect of the use of the word "some" is immediately diluted by the phrase which follows; that is, by the inclusion in the instruction of the words "without respect to the degree or amount of negligence of either."

This latter phrase thus says, in effect, that which is condemned in *Bahm v. Pittsburgh & Lake Erie Rd. Co.*, 6 Ohio St. 2d 192, to wit, even though the negligence of either party is of the slightest degree, or any degree, recovery cannot be had. The reference is to the degree of negligence, and not to the degree of causation, as when the word "some" is used in the instruction. The use of "slightest degree" or "any degree" was held, in *Bahm v. Pittsburgh & Lake Erie Rd. Co.*, 6 Ohio St. 2d 192, to apply both to the issue of proximate cause and to the issue of negligence itself.

The confusion that exists nationwide, in cases such as we have here, is apparent by reference to 87 A. L. R. 2d 1391 *et seq.*

In the instant case, the inclusion of the phrase "without respect to the degree or amount of negligence of either" is tantamount to saying that, even though the negligence of the plaintiff was of the slightest degree, or of any degree, no recovery

can be had. We find this to be prejudicially erroneous. The judgment must be reversed and the cause remanded for further proceedings.

*Judgment reversed and cause remanded.*

DOYLE, P. J., and BRENNEMAN, J., concur.