111

Myers et al., Appellees, *v.* The Lawson Milk Co.,
Appellant.

(No. 40977—Decided April 24, 1968.)

*Mr. Elmer Fry* and *Mr. R. C. Norris,* for appellees.
*Messrs. Harris, Wise, Barrett & Ferguson,* and *Mr.
Joseph S. Wise,* for appellant.

112

HERBERT, J. The principal question presented here is whether it was prejudicial error for the trial court to give the following requested special instruction to the jury, over plaintiff's objection, prior to argument:

"If you find from your—the evidence that both the Lawson Milk Company and Judith Myers were negligent in the operation of their respective vehicles and that the negligence of each proximately contributed *to some extent* to cause the accident which occurred, your verdict must be for the defendant *without respect to the degree or amount of negligence of either.*" (Emphasis added.)

We considered the use of words of qualification in connection with instructions on issues of negligence and proximate cause in *Bahm* v. *Pittsburgh & Lake Erie Rd. Co.,* 6 Ohio St. 2d 192. The syllabus in that case reads:

"Use of the phrase, 'in the slightest degree,' or the phrase, 'in any degree,' in connection with contributory negligence in a charge to a jury constitutes prejudicial error whether the phrase pertains to the issue of proximate cause or to the issue of negligence itself. (*Schweinfurth, Admr.,* v. *C., C., C. & St. L. Ry. Co.,* 60 Ohio St. 215, followed. That portion of *Chesrown* v. *Bevier,* 101 Ohio St. 282, finding special charge No. II to be a correct statement of the law; paragraph three of the syllabus in *Bartson* v. *Craig, an Infant,* 121 Ohio St. 371; and that portion of *Bradley, an Infant,* v. *Mansfield Rapid Transit, Inc.,* 154 Ohio St. 154, concerning special charges Nos. 1 and 2 so far as the phrase, 'in the slightest degree,' is used; overruled.)"

There is no substantial distinction between the phrases "in the slightest degree," or "in any degree" and the phrase "to some extent," as used in this case. The synonymous nature of these phrases is reinforced in the instruction given by the explanatory phrase, "without respect to the degree or amount of negligence of either." With respect to the words "degree" and "extent," each appears in the dictionary definition of the other. *Degree* is defined as "the extent, measure, or scope of an action, condition, or

relation." *Webster's Third New International Dictionary* 594. *Extent* is defined as "the point or degree to which something extends." Id., at 805. If there is any doubt in the present case that a synonymous meaning was intended, it is resolved by the record which discloses the following exchange with respect to the instruction in question:

"The Court: How is * * * [it] different?

"* * * [Counsel for defendant]: It indicates, Your Honor, that the jury may, in treating the subject of contributory negligence, be guided to know that it makes no difference whether one party be eminent—much more negligent than the other. It's the *degree* of negligence—*it's phrased in this fashion because, as I understand it, we're not allowed to say in the slightest degree or any degree, but it was intended to carry the same message*—that is, it is not for the jury to weigh how much one party was negligent, as to how much the other party was negligent."

The thrust of our decision in the *Bahm case* is that words of qualification modifying negligence or proximate cause issues instructed upon *invite* rather than preclude comparison of the negligence of the parties by the jury. In the present case, plaintiff's automobile crashed into a ditch after leaving the road while passing or attemptng to pass defendant's truck. Whether she lost control or swerved to avoid striking the truck, whether she sounded her horn, and whether the truck traveled left of center were vigorously disputed facts for determination by the jury. Under these circumstances, we believe that the instruction given would tend to confuse the jury and invite the comparison of the negligence of the plaintiff, if any, with the negligence of defendant's driver, if any, in determining which, if either or both, proximately caused the accident and plaintiff's injury.

Since the confusion created by the phrases which were used in the special instruction extends to the issues of plaintiff's negligence, defendant's negligence, and proximate cause, the so-called "two-issue" rule of *Sites* v. *Hav-*

*erstick,* 23 Ohio St. 626, has no application. For these reasons, the instruction given was erroneous, and its effect prejudicial.

The judgment of the Court of Appeals is, therefore, affirmed.

*Judgment affirmed.*

MATTHIAS, SCHNEIDER and BROWN, JJ., concur.

TAFT, C. J., ZIMMERMAN and KERNS, JJ., dissent.

KERNS, J., dissenting. Since the doctrine of comparative negligence has no application in Ohio to cases of this kind, the special instruction under consideration, which places equal emphasis upon the issues of negligence, contributory negligence, and proximate cause, is technically, at least, a correct statement of law.

But assuming, as stated in the majority opinion, that the superfluous language contained in the instruction did, in fact, "invite rather than preclude comparison of the negligence of the parties," then, in such event, the misunderstanding would have militated against the defendant rather than the plaintiff because the susceptibility of the evidence to any such comparison necessarily involves dual negligence and precludes recovery. Hence, no *prejudicial* error intervened in the cause.

TAFT, C. J., and ZIMMERMAN, J., concur in the foregoing dissenting opinion.

KERNS, J., of the Second Appellate District, setting for O'NEILL, J.