JOURNAL ENTRY and OPINION
Plaintiff-appellant Lorene Jones appeals from a jury verdict in favor of defendant-appellee James Owens stemming from an automobile accident involving the parties. Jones assigns the following as errors for our review:
 I. THE TRIAL JUDGE ERRED, AS A MATTER OF LAW, BY REFUSING TO ACCEPT PLAINTIFF'S JURY INSTRUCTION REGARDING PRESUMPTIONS IN FAVOR OF A PHYSICIAN'S BILL.
 II. THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY REFUSING TO INSTRUCT THE JURORS ABOUT THE COLLATERAL SOURCE RULE.
 III. IN LIGHT OF THE UNDISPUTED TESTIMONY INTRODUCED IN THIS ADMITTED LIABILITY CASE, THE JURORS' DEFENSE VERDICT WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.
Having reviewed the record and legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
Before the jury trial of this automobile accident case, Jones filed her Jury Instructions and Interrogatories with the trial court. The seventh proposed instruction asked that the jury be told that the medical bills are presumed reasonable and the defendant must overcome the presumption by a preponderance of the evidence. The eighth instruction admonished the jury not to speculate about the parties' financial ability or insurance coverage.
The trial judge struck both instructions and made the following statements:
 I did exclude the Plaintiff's Jury Instruction No. 7 which was a charge regarding a physician's bill, citing case law, however not to any section or chapter in Ohio Jury Instructions.
 Likewise, I eliminated Jury Instruction No. 8 having to do with collateral benefits. Again, it is based upon case law and not OJI and, further, the Court thought it was very confusing and, in fact, prejudicial to Miss [sic] Jones in this case.
The case proceeded to trial and the jury returned a verdict for Owens. During the trial, Owens admitted that his car struck Jones' car from the rear. The evidence also showed slight damage to Jones' car and no damage to Owens' car.
After emergency crews arrived, Jones drove herself home. She later drove herself to the hospital where she was diagnosed with strained lower back muscles. The following week Jones began to see a doctor who regularly performed therapy on Jones for the next two months.
Jones also testified that while at work in 1987 she sustained lower back injuries due to a slip and fall accident. She received up to ten years of treatment for this injury, and received several treatments as recently as the months immediately preceding the accident with Owens. Jones' expert, Dr. Tarik Mustara, could not definitely say that her injury was caused by the automobile accident.
In her first and second assigned errors, Jones argues the trial court erred in failing to give two proposed jury instructions. When an appellant raises the trial court's refusal to give a requested jury charge we proceed under an abuse of discretion standard.[1] The Ohio Supreme Court recently defined the abuse of discretion standard as follows:
 The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing [* * *] considerations. State v. Jenkins (1984), 15 Ohio St.3d 164, 222, 15 Ohio B. Rep. 311, 361, 473 N.E.2d 264, 313, quoting Spalding v. Spalding (1959), 355 Mich. 382, 384-385, 94 N.W.2d 810, 811-812. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias.[2]
A trial court should confine its instructions to the issues raised by the pleadings and the evidence.[3] A party is not entitled to a particular jury instruction if no evidence was presented that may support that instruction.[4] However, a court ordinarily should give requested instructions if they are correct statements of law applicable to the facts in the case and reasonable minds might reach the conclusion sought by the specific instruction.[5]
Jones requested the trial court instruct the jury to presume the reasonableness of her itemized medical bills, and to not consider the financial situation of either parties as it pertains to their abilities to pay any bills or judgment. Both of these instructions concern the award of damages. Because the jury returned a verdict in favor of Owens, damages were irrelevant. Thus, any error committed is harmless.
Additionally, as to the collateral source, the Ohio Supreme Court has maintained that in light of the abuse of discretion standard, the trial court is the final arbiter of whether a jury instruction will clarify the issues for the jury.[6] Here, the trial judge made it clear that instruction eight could have a prejudicial effect on Jones' case. Thus, the instruction was excluded. Consequently, the trial court acted within its discretion in not giving the requested jury instructions.
Finally, Jones' burden is not only to show error, but prejudice. Here, no prejudicial effect occurred by not giving these two instructions. Accordingly, Jones' first and second assigned errors are without merit.
In her third assigned error, Jones argues the jury verdict is against the manifest weight of the evidence. We disagree.
When deciding if a verdict is against the manifest weight of the evidence, we must presume that the jury's findings were correct.[7]
This presumption stems from the jurors' unique opportunity to use their observations of the witnesses to aid in making credibility assessments and resolving conflicting testimony.[8] As long as there exists competent credible evidence in the record to support the jury's decision, it will not be reversed as against the manifest weight of the evidence.[9]
In this present case, the parties stipulated to Owens' negligence. The only issues for the jury to decide were causation and damages. The jury returned a general verdict in favor of Owens, but without awarding damages. From this we can conclude that either the jury did not accept that Jones sustained damages or Owens' negligence did not cause whatever damages Jones may have suffered.
Jones suffered a pre-existing back injury for which she received several treatments during the months immediately preceding the accident with Owens. The testimony is inconsistent regarding whether Jones' car was in motion at the time of impact. Regardless, the testimony is clear that the collision occurred at less than twenty-five miles per hour, the impact did not push Jones' car into any other vehicles, and Owens' car sustained no damage. Because competent and credible evidence exists to support the jury's decision, and because we cannot substitute our judgment for that of a qualified jury, we cannot conclude that Owens caused the injuries of which Jones complained or that Jones actually sustained any injuries as a result of this collision. Accordingly, Jones' third assigned error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., and ANNE L. KILBANE, J., CONCUR.
[1] State v. Wolons (1989), 44 Ohio St.3d 64, 541 N.E.2d 443; State v. Sims, 1997 Ohio App. LEXIS 2563 (June 12, 1997), Cuyahoga App. No. 71236, unreported.
[2] Nakoff v. Fairview General Hospital (1996), 75 Ohio St.3d 254,256-257, 662 N.E.2d 1, 3.
[3] Becker v. Lake Cty. Mem. Hosp. West (1990), 53 Ohio St.3d 202,208, 560 N.E.2d 165.
[4] Sims, supra.
[5] Murphy v. Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585, 591,575 N.E.2d 828.
[6] Bahm v. Pittsburg and Lake Erie Rd. Co. (1966), 6 Ohio St.2d 192,217 N.E.2d 217.
[7] Intrinsics Int'l v. Coopers Lybrand, 2000 Ohio App. LEXIS 3163 (July 13, 2000), Cuyahoga App. No. 76516, unreported.
[8] Id.See, also, Leslie v. Briceley, 1997 Ohio App. LEXIS 6057 (Dec. 31, 1997), Washington App. No. 97CA10, unreported, appeal dismissed (1998), 81 Ohio St.3d 1497, 691 N.E.2d 1058.
[9] C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279,376 N.E.2d 578, at syllabus; Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80, 461 N.E.2d 1273, 1276; Intrinsics Int'l v. Coopers Lybrand, 2000 Ohio App. LEXIS 3163 (July 13, 2000), Cuyahoga App. No. 76516, unreported. See, Myers v. Garson (1993), 66 Ohio St.3d 610, 614,614 N.E.2d 742, 745, rehearing denied (1993), 67 Ohio St.3d 1439,617 N.E.2d 688.